Antoine L. JOSEPH, Plaintiff,

v.

**GOVERNMENT OF the VIRGIN ISLANDS, Virgin Islands Employees Retirement System and Claude Christian, in his official capacity only as Commissioner of Finance, Defendants,**

**and**

Verne A. Hodge, Henry Feuerzeig, Raymond L. Finch, Eileen R. Petersen, Irwin J. Silverlight, in their capacity as Judge of the Territorial Court, Intervenors.

Civ. No. 1983/208.

District Court, Virgin Islands, D. St. Croix.

Dec. 20, 1983.

Joel H. Holt, Christiansted, St. Croix, V.I., for plaintiff.

Robert King, St. Thomas, V.I., for defendant V.I. Employees Retirement System.

John J. Ronca, Asst. Atty. Gen., Dept. of Law, St. Thomas, V.I., for defendant Government of the Virgin Islands.

Albert A. Sheen, Christiansted, St. Croix V.I., for intervenors.

## MEMORANDUM OPINION

DAVID V. O'BRIEN, District Judge.

The Court in this case must decide whether a certain piece of legislation which had a life of 29 days before repeal, must be

resuscitated for the benefit of certain members of the territorial judiciary who were sitting during the short span of time the statute was in effect. The Court, for the reasons stated herein, finds that the judges are entitled to the benefits created by the statute.

## I. FACTS

This case initially began when Antoine L. Joseph ("Joseph") brought an action against the named defendants, seeking what he considered to be his pension rights as a retired judge of the Territorial Court. Five other judges of the Territorial Court have now intervened and joined Joseph asserting the same rights. They are essentially in two groupings: those who were serving as judges before December 1, 1976, and those who came into office between December 1, 1976 and January 28, 1977. Their respective rights will be discussed as part of the two separate groupings, later in this opinion.

Joseph became a Municipal Court judge on April 20, 1965 and served until March 3, 1980; the Hon. Eileen R. Petersen, ("Petersen"), entered into service as a Municipal Court judge on November 5, 1971, and is still sitting; the Hon. Raymond L. Finch, ("Finch"), entered into service as a Municipal Court judge on February 17, 1976, and is still sitting. They constitute the first grouping.

The Hon. Verne A. Hodge, ("Hodge"), the Hon. Irwin J. Silverlight, ("Silverlight"), and the Hon. Henry Feuerzeig, ("Feuerzeig"), were all appointed effective December 31, 1976, and are still sitting.

Each of the six persons has, from the onset of his or her appointment, contributed to the Employees Retirement System of the Virgin Islands under the provisions of Title 3, Chapter 27 of the Virgin Islands Code. Joseph, after leaving the bench, served as a legislative counsel to the Virgin Islands Legislature until January 31, 1983, when he filed for retirement.

Joseph, Petersen and Finch were originally appointed as Municipal Court judges. An important change in their status, and that of the Court on which they sat, took place effective on January 1, 1977, when the Territorial Court of the Virgin Islands replaced the Municipal Court. Additional judges were appointed, (Hodge, Silverlight and Feuerzeig), the sitting Municipal Court judges became judges of the Territorial Court, and the prestige and dignity of the Court was enhanced by increased jurisdiction and a wider recognition of the judicial system of the territory as a co-equal branch of our government.

The legislation also provided that judges of the Territorial Court would be officers of the Government of the Virgin Islands, with a fixed annual salary. Section 72(c) of Title 4, spelling out the above, also stated as the last sentence of the paragraph:

> No judge's compensation shall be reduced during his term of office without his consent.

Partially recognizing the enhanced status of the judicial branch of the territorial government in the creation of the Territorial Court, the Legislature, in December, 1976, also took steps to separate the pension and retirement provisions for those judges from the V.I. Employees Retirement System. This was contained in Act No. 3924, which added a new section to Title 3, V.I.C., Section 741.[1] 1976 Session Laws of the Virgin Islands, p. 249.

The effect of the new section was to substantially improve the pension benefits for judges, to fix the time of entitlement to a pension, to make the legislation applicable to judges holding office on or after December 1, 1976, and to establish a Judges Pension Fund to be administered by the Commissioner of Finance. The legislation also appropriated "sufficient monies" from the General Fund to pay for the pensions to retired judges. The date of ap-

---

**1.** Other sections were also added containing retirement provisions for governors and sena- tors.

proval of this legislation was December 30, 1976.

On the day that the Territorial Court came into being, and the six judges began serving in their judicial capacities on that bench, Act No. 3924 was in effect. For three of them, Joseph, Petersen and Finch, the new pension benefits represented an improvement in their situation. For three others, Hodge, Silverlight and Feuerzeig, Act No. 3924 was the only pension legislation in effect as they undertook judicial service.

On January 28, 1977, the Legislature passed and rushed to the Governor for signature on that same day a bill which simply stated that Act No. 3924 "is hereby repealed." 1977 Session Laws of the Virgin Islands, p. 3. During the 29-day life of Act No. 3924, the Commissioner of Finance did not take any steps to implement the Judges Pension Fund created by 3 V.I.C. § 741(e), nor did he transfer any funds as provided for in the legislation, nor did he deduct from the judges' salaries the eight percent contribution to the pension fund as required by the legislation.[2]

The Judges Pension Fund never having been activated, suffice it to say that no judge ever made any contributions to the Fund. They were required to, and did, make payments to the V.I. Employees Retirement System, which payments were at the rate of six percent, rather than the eight percent provided for in the Section 741(c), which was part of the act repealed.

When Joseph retired in January, 1983, he applied for his pension, claiming the rights provided for in Act. No. 3924. He stated that since the salary of judges of the Territorial Court as of the time of his retirement was $57,200 annually, his pension should be two thirds of that amount, under the provisions of 3 V.I.C. § 741(a)(3)(B). This, it is

conceded by all, would provide a pension more than double the $18,180 he is receiving from the Employees Retirement System.

The Employees Retirement System rejected Joseph's application and, as shown above, paid him the benefits regularly due to all employees of the Government with the same tenure, salary and contributions to the system.

This law suit followed. Included among the defendants are not only the Employees' Retirement System, but the Commissioner of Finance of the Government of the Virgin Islands. The five intervening judges are seeking a declaration of their rights under Act No. 3924, although they still sit as members of the judiciary.[3]

## II. ISSUES

There are a number of issues raised in the various motions for summary judgment. Essentially, the judges argue that their right to compensation was fixed by statute, that their compensation could not be reduced during their term of office, and that the Legislature, having provided for a pension by Act No. 3924, could not remove that vested right by subsequent repealing legislation. They add that this is a right conferred by contract. They, Joseph, Petersen and Finch, also state that they were contributors to the previous retirement system, and always ready, willing and able to contribute to the Judges Pension Fund if it had ever been implemented.

Defendants contend that the pension or retirement benefits are not part of a judge's salary, and that it is the salary, not the total compensation, that the Legislature was referring to when it provided that there could be no diminution. Likewise, they say, there was no vesting of any right, there was no implementation of the Judges

---

**2.** Hodge, in his affidavit, states that he did make the eight percent contribution during the short life span of the Act, but whether he did or not is not important to the outcome of this case, and the Court's judgment to be entered will permit an adjustment if this proves to be the case.

**3.** Intervenors, in their memorandum filed herein, urge that the Court also decide whether all judges appointed after the repeal of the retirement legislation are entitled to pensions under Act No. 3924. This issue was not briefed and we decline to turn this case into a class action by reaching that provocative issue.

Pension Fund, there was no performance by the judges, i.e., no contribution to the fund, and in any event, it was all a mistake by the Legislature in adopting Act No. 3924 in the first place, and the defendants should not be held to its provisions.

### A. Compensation as Including Retirement Benefits

Title 4 V.I.C. § 72 as it existed at the time of Joseph, Petersen and Finch's original appointment as judges had the following sentence:

> The salary of a judge of the municipal court shall be not less than $15,000 per annum and shall not be diminished during his term of service.

A significant change was made in that section which was effective on the same date (January 1, 1977) that the change from Municipal Court to Territorial Court also became effective. Title 4 V.I.C. § 72 was amended and expanded, and Section 72(c) now reads as follows:

> (c) The judges of the territorial court shall be officers of the Government of the Virgin Islands and each shall receive a salary of not less than $35,000 per annum, except that the presiding judge shall receive a salary of not less than $37,500 per annum. No judge's compensation shall be reduced during his term of office without his consent.

Thus the Legislature changed its rule against diminution from that of a judge's "salary", to that of a judge's "compensation." Clearly, a judge's salary does not include retirement or pension benefits. But a judge's compensation does include such rights.

A public employee's pension contributions are an element of compensation and a vested contractual right accrues upon acceptance of employment. *Betts v. Board of Administrators*, 21 Cal.3d 859, 148 Cal.Rptr. 158, 582 P.2d 614, 617 (1978). See also *Public Employees Retirement Board v. Washoe County*, 96 Nev. 718, 615 P.2d 972, 974 (1980). A pension, or a retirement allowance, represents compensation, rather than a mere gratuity. *Jones v. Cheney*, 253 Ark. 926, 489 S.W.2d 785, 788 (1973).

The intent of the Legislature in preventing diminution of a judge's total compensation, rather than a salary alone, is easy to divine. This took place at the time of enhancement of the dignity and prestige of the judicial branch of the territorial government, and an expansion of its potential jurisdiction. The concept of judicial independence, i.e., the desire that a judge be free of extraneous influences in decision-making, is ingrained in our judicial system. If, while unable to diminish his or her salary because of the statute, a Legislature could, in any event, diminish the right to a pension or retirement benefits, the effect would be the same. A judge in most instances has accepted that appointment at a total income level lower than he or she was earning as an attorney. Not only is the salary level important to the judge, but the right to a retirement benefit is equally important. Thus, judicial independence could only be served by providing that a judge's total compensation, and not only the salary, could not be reduced during his or her term of office.

So the change wrought by the Legislature was an important one, and clearly intended to protect a judge against a cutback in the total compensation provided him or her. While the executive and legislative branches still have numerous areas for application of pressure points to the judiciary, at least in the bedrock area of compensation, this threat to judicial independence has been removed.

The question arises, as to Joseph, Petersen and Finch at least, whether the provision against diminution of a judge's compensation extends to the diminishment of any increase in his or her compensation during the time he or she serves in office. The same reasoning applies to increases in salary or other benefits. Once given, this Court reads the statute to indicate that such benefits cannot be taken away. Most increases reflect changing economic conditions such as inflation. The purpose behind a statute preventing decreases in a

judge's compensation certainly extends not only to the compensation he or she receives upon taking office, but to those increases received during tenure.

But even if that were not the case, there is ample precedent to hold that the judges are entitled to the benefits provided for in Act. No. 3924.

### B. *Pension—Vesting As Contractual Right*

■ The defendants argue that the judge's right to a pension does not vest until he or she becomes eligible for that pension. The cases are clear, however, that pension rights, because of their nature as deferred compensation, vest under legislation in effect upon the commencement of service and continue to vest with each day of service. *Leonard v. City of Seattle*, 81 Wash.2d 479, 503 P.2d 741, 747 (1972) (citations omitted).

■ And, building on that point, case law also holds that "an employee's contractual pension expectations are measured by benefits which are in effect not only when employment commences, but which are thereafter conferred during the employee's subsequent tenure." *Betts v. Board of Administrators, supra.* Such a pension right may not be destroyed, once vested, without impairing a contractual obligation of the employing public entity. *Kern v. City of Long Beach*, 29 Cal.2d 848, 179 P.2d 799 (1947).

■ Applying these principles to the case at hand, we hold that when Joseph, Petersen and Finch entered upon judicial service they were entitled to those benefits which were part of the retirement system under applicable law. These could not be diminished, but they could be enlarged. And when they were in fact enlarged by Act. No. 3924, the judges became contractually entitled to those enlarged benefits. It must not be forgotten that their own contribution requirements were increased by the same statute which in turn increased the size of their respective pensions.

■ Benefits conferred during the employee's tenure become a part of the vested rights of the employees when conferred. *Abbott v. City of San Diego*, 165 Cal. App.2d 511, 332 P.2d 324, 329 (1958).

■ The issue of pension rights as to Hodge, Silverlight and Feuerzeig is much simpler than that in respect to the other three judges. This is because they entered into public service as judges at the very time that Act. No. 3924 was in effect. They accepted appointment partially by reason of the inducement of the pension benefits contained within Act. No. 3924. Theirs is not a case of enhanced benefits created during a term and then having those enhanced benefits taken away, as in the case of Joseph, Petersen and Finch. Rather, the right to benefits conferred by the statute in effect upon their entry into judicial service was taken away. Theirs, obviously, is an even stronger case for application of Act. No. 3924 to them. As the court stated in *Brazelton v. Kansas Public Employees Retirement System*, 227 Kan. 443, 607 P.2d 510, 514–15 (1980):

> Suffice it to say that when a person accepts employment with a governmental entity and becomes a participating member of the retirement system, he or she gains certain rights which may not be eliminated or substantially changed by unilateral action of the governmental employer to the detriment of the member.

See also *Olson v. Cory*, 27 Cal.3d 203, 164 Cal.Rptr. 217, 609 P.2d 991, 995 (1980); *Campbell v. Michigan Judges Retirement Board*, 378 Mich. 169, 143 N.W.2d 755, 757 (1966); *Miles v. Tenn. Consol. Retirement System*, 548 S.W.2d 299, 306 (S.C.Tenn. 1976).

Notwithstanding all this, the defendants claim, the judges are not entitled to any pension rights because they did not perform their part of the contract and fulfill their obligations.

### C. *Performance as Condition*

The defendants argue that even if the judges are entitled to a pension under Act. No. 3924, they cannot receive it because they did not perform their own obligations.

These obligations, according to defendants, include the contribution of eight percent of his or her salary per annum to the Judges Pension Fund.

Aside from the narrow view this takes of judicial obligations, this position ignores another central fact. The Commissioner of Finance never implemented the fund created by Act No. 3924, and since it was into this fund that a judge was to make contributions, he or she was prevented from doing so by the very defendant who claims that each judge never performed.

By that same token, each judge did in fact perform his or her obligations, to the extent permitted by the defendants. Each undertook or continued exemplary service as a judicial officer until, in Joseph's case, the conclusion of his term, and each made the periodic six percent contributions to the Employee's Retirement System. When Joseph was in a position to claim the benefits of Act No. 3924, he did claim them. And the very entity which prevented his performance, at least insofar as the eight percent contribution is concerned, has denied him those pension rights.

The final argument of the defendants is that of "legislative mistake". The Legislature acted too hastily, they claim, recognized its mistake, and moved quickly to correct it. That may be all well and good, but having conferred a benefit by a statute, whose adoption as a valid legislative measure has never been questioned, defendants are prevented from extinguishing a right created by that legislation, as to either grouping of judges.

Title 1 V.I.C. § 50(a) preserved the judges' rights, supplementing the case law discussed in this opinion. This brief section states:

> (a) The repeal of any Act, part of any Act, or provision of this Code does not release or extinguish any right acquired, or penalty, forfeiture, or liability incurred, under the Act, part, or provision, and existing at the time of the repeal, unless the repealing Act expressly so provides, and the Act, part, or provision shall be treated as still remaining in force for the purpose of sustaining any proper action or proceeding for the enforcement of the right, penalty, forfeiture, or liability.

But it is doubtful that even if this section did not exist, the Legislature could take away the pension rights conferred upon those Territorial Court judges sitting during the period Act. No. 3924 was in effect. The Supreme Court, in *Home Building and Loan Assn. v. Blaisdell*, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934) listed four factors which might warrant legislative impairment of vested contract rights. These are: (1) to protect the basic interests of society, (2) because of an emergency justification, (3) Because the enactment is appropriate for the emergency and (4) it is designed as a temporary measure, during which vested contract rights are not lost, but merely deferred for a brief period.

The repeal of Act. No. 3924 by Act No. 3929 on January 28, 1977, recites no reasons whatever for the revocation. The defendants allude to a "mistake" but likewise recite no reasons which meet the criteria stated above. While a Legislature may make changes in a retirement system, those changes are limited in nature.

## D. *Remedies*

Having decided that each of the judges herein qualifies under Act No. 3924, certain steps must now be taken to provide the implementation of the act as to those judges. Certainly the first and foremost action, upon which all else depends, is that the Judges Pension Fund created by statute must be activated, and funded. The act itself appropriated "sufficient monies" for the purposes intended.

The Employees Retirement Fund makes the logical argument that it is not required to pay any pension to the judges under the fund, and that entity is correct. The statute directs this obligation to the Government of the Virgin Islands, through the Commissioner of Finance.

But the Employees Retirement Fund has collected retirement contributions from the judges involved in this matter, and any

money so collected from each judge, during the time he or she has served in such capacity, should be turned over to the Judges Pension Fund. Thus, for instance, as to all of these judges, any money paid into the retirement system from the time they entered into judicial service to the present, would be paid to the Judges Pension Fund, less, in Joseph's case, any money paid out to him in benefits. This would create a pool of money for the fund.

Additionally, all the judges will be required to make an additional two percent contribution to the fund for the period from December 1, 1976 as to Judges Joseph, Petersen and Finch, and from January 1, 1977 as to Judges Hodge, Silverlight and Feuerzeig. This would, together with the contributions already made by the respective judges, equal the eight percent required by the statute.

Likewise, if, pursuant to 3 V.I.C. § 718(f), (g) and (h), the government has made contributions on behalf of such judge to the Employees Retirement System, since December 1, 1976, these should be calculated and turned over to the Judges Pension Fund.

In the future, all judges will make their eight percent contributions according to law and if the accumulation of funds is not sufficient for the purposes intended, then the "sufficient monies" provision in Act No. 3924 must cover the deficit.

As administrator of the Fund the Commissioner of Finance must calculate Joseph's pension from January, 1983, on the basis of Act No. 3924 and the Court's findings herein. From the Judges Pension Fund he shall make a lump sum payment to Joseph of the difference between what he has been paid since that date as a pension, and what he should have been paid. He shall then continue to make pension payments to Joseph as provided by Act No. 3924.

As to Joseph's contributions to the Employee Retirement System while a public employee outside of judicial service, they shall be treated in the same manner as the law would treat any public employee who made contributions and then did not claim benefits from the V.I. Employees Retirement System.

Judgment will enter accordingly.

## JUDGMENT

THIS MATTER came before the Court on cross motions for summary judgment by plaintiff and defendants. There is no issue of fact involved, but rather an interpretation of law. Briefs were submitted. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

1. THAT Act No. 3924 as adopted by the Legislature and approved by the governor conferred benefits on the plaintiff and intervenors herein to which they remain entitled notwithstanding the repeal of such Act.

2. THAT the Commissioner of Finance shall activate the Judges Pension Fund created by Act No. 3924 and collect from the V.I. Employees Retirement System all funds credited to the account of plaintiff and intervenors during their respective service as judges of the Municipal Court, or Territorial Court, as the case may be, and deposit such monies in the Judges Pension Fund, LESS, as to plaintiff, the amount of money paid to him as a pension since his retirement in January, 1983 from government service.

3. THAT the plaintiff and intervenors shall each make an additional lump sum contribution to the Judges Pension Fund representing the difference between contributions actually made, and the eight percent which should have been made under Act No. 3924, during his or her respective period of service in a judicial capacity after December 1, 1976. The calculation of the lump sum due from each judge shall be made by the Commissioner of Finance, who shall notify each judge of such amount, and each judge shall make prompt payment thereof.

4. THAT the Commissioner of Finance shall calculate the plaintiff's pension according to Act No. 3924 and pay him, from the Judges Pension Fund, a lump sum amount representing the difference between what he has received since the date of retirement and what he should have received under Act No. 3924.

5. THAT the plaintiff and the intervenors shall, in the future, be entitled to the retirement benefits provided in Act No. 3924, if, and as, each judge becomes eligible therefor.

6. THAT the plaintiff's contributions to the V.I. Employees Retirement System made as a public employee outside of his judicial service shall be treated in the same fashion as contributions by any other public employee who has contributed to the system but never claimed any benefits therefrom.

7. THAT each party shall bear his, her or its own costs, including attorneys' fees.