**JULIO A. BRADY, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF FINANCE, Defendant**

SX-08-CV-342

*Superior Court of the Virgin Islands*

Division of St. Croix

October 17, 2011

JOEL H. HOLT, ESQ., Law Offices of Joel H. Holt, Christiansted, St. Croix, USVI, *Attorney for Plaintiff.*

CAROL THOMAS-JACOBS, ESQ., Assistant Attorney General, Department of
Justice, St. Thomas, USVI, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(October 17, 2011)

**THIS MATTER** came before the Court on Plaintiff's Motion for
Partial Summary Judgment, filed on July 6, 2009. Defendant filed an
Opposition and Plaintiff filed a Reply thereto. On December 28, 2009,
Defendant filed a Cross-Motion for Summary Judgment.[1] Plaintiff filed an
Opposition and Defendant filed a Reply thereto. A hearing on the parties'
motions was held in this matter on October 14, 2011. The parties
informed the Court at the hearing that there is no dispute over the facts in
this matter.

## FACTS

Plaintiff served as the Elected Lieutenant Governor of the Virgin
Islands from January 3, 1983 to January 3, 1987. In 1990, the Legislature
passed Act No. 5666, which established the Elected Governors
Retirement Fund, Title 33 V.I.C. § 3080. Pension benefits for Elected
Lieutenant Governors became effective in 1994 when the Legislature
passed Act No. 5979, amending Title 33 V.I.C. § 3080 to include retired
Elected Lieutenant Governor. Title 33 V.I.C. § 3080 currently governs the
Elected Governors and Elected Lieutenant Governors Retirement Fund.

Subsequently, Plaintiff demanded retroactive payments from the date
of his retirement as Elected Lieutenant Governor in January 1987.
Initially, Defendant took the position that Plaintiff was not entitled to
retroactive pension payments since there was no language in Act
No. 5979 implying that payments were to be retroactive. However, the
Attorney General later rescinded his previous opinion. In a Letter of
Advice, dated March 21, 2001, Attorney General Iver Stridiron
acknowledged that "Brady's pension is retroactive to the date that he
retired as Lieutenant Governor." *See* Attorney General Iver Stridiron's
Letter of Advice, p. 3.

---

[1] Defendant used its Opposition to Plaintiffs Motion for Partial Summary Judgment as its
Memorandum in support of its Cross-Motion for Summary Judgment.

On May 15, 2002, Plaintiff wrote a letter to Defendant with the calculations of Plaintiff's pension benefits under Title 33 V.I.C. § 3080 pursuant to Attorney General Iver Stridiron's Letter of Advice. In his pension calculation, Plaintiff excluded the time periods when "he was employed by the Government" — Plaintiff served as Judge of the Territorial Court from September 25, 1992 to June 10, 1994 and as the Attorney General September 15, 1995 to January 29, 1999. *See* Plaintiff's May 15, 2002 Letter, p. 1-2. In September 2005, Defendant issued Plaintiff a check for back-pension payments owed from 1987 to 2003, excluding pension benefits from the time periods when Plaintiff served as a Judge of the Territorial Court and as the Attorney General.

From November 2003 through January 2007, Plaintiff received bi-weekly pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund. On May 6, 2006, Plaintiff was sworn in as a Judge of the Superior Court of the Virgin Islands. In January 2007, Defendant ceased paying Plaintiff the bi-weekly pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund. On October 1, 2007, Defendant issued a letter to Plaintiff, explaining that Title 33 V.I.C. § 3080(f)(c) precludes Plaintiff from receiving pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund while he is sitting as a Judge of the Superior Court.

On July 17, 2008, Plaintiff filed a Corrected Amended Complaint, requesting: (1) declaratory relief finding that the Elected Lieutenant Governor pension of Plaintiff is still due and owing notwithstanding the fact that Plaintiff is now sitting as a Judge of the Superior Court; (2) an accounting of all unpaid sums that are due; (3) damages equal to the amount of all unpaid sums plus accrued interest; (4) injunctive relief enjoining Defendant from withholding said funds in the future; (5) attorneys fees and costs incurred herein; and (6) any other award of damages along with any and all other relief the Court deems appropriate.

## DISCUSSION

### Motion for Summary Judgment

The Federal Rules of Civil Procedure provides that summary judgment is appropriate if (1) the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and (2) that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once this showing has been made, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The Court may not make credibility determinations or weigh evidence. *Id.* at 255. In analyzing this motion for summary judgment, this Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 680 (3d Cir. 2003); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). If the record thus construed could not lead the trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### Title 33 V.I.C. § 3080 — Elected Governors and Elected Lieutenant Governors Retirement Fund

At the October 14, 2011 Hearing, the parties acknowledged that the only issue before the Court is whether Plaintiff is entitled to continue to receive his pension benefits under Title 33 V.I.C. § 3080 while serving as a Judge of the Superior Court. Plaintiff and Defendant each argues that summary judgment should be granted in favor of their respective claims.

In his Motion, Plaintiff focused on two statutes to support his claim, *to wit*: Title 3 V.I.C. § 733 and Title 33 V.I.C. § 3080. However, these two statutes govern two separate pension benefits — Title 3 V.I.C. § 733 governs the retirement benefits for members of the judiciary and Title 33 V.I.C. § 3080 governs the Elected Governors and Elected Lieutenant

Governors Retirement Fund. The Court finds only Title 33 V.I.C. § 3080 relevant in this matter since the issue before the Court deals with a retired Elected Lieutenant Governor's eligibility for pension benefits from the Elected Governors and Elected Lieutenant Governors Retirement Fund.[2]

Under Title 33 V.I.C. § 3080(f)(c), Plaintiff, a retired Elected Lieutenant Governor who subsequently became a Judge of the Superior Court, is no longer eligible to receive pension payments from the Elected Governors and Elected Lieutenant Governor's Retirement Fund while serving his term. Title 33 V.I.C. § 3080(f)(c) provides in pertinent part:

> (f) Notwithstanding his age, any elected Governor and Lieutenant Governor retiring pursuant to the provisions of this section shall receive, beginning on the date he leaves office, a service retirement annuity, as follows:
>
> . . .
>
> (c) after three (3) terms in office, 100% of the Governor's and Lieutenant Governor's current salary; provided, however, that *in the event a former elected Governor and Lieutenant Governor is reelected to the Office of Governor, Lieutenant Governor, Senator, Delegate to Congress, or holds any other appointed or salaried position in the Government of the Virgin Islands after retirement*, disbursements pursuant to this section shall cease until such time as eligibility pursuant to subsection (e) of this section is attained. *Emphasis added.*

The literal interpretation and the plain meaning of "the Government of the Virgin Islands" includes all three branches of the Government.[3] *Territorial Court of Virgin Islands v. Richards*, 673 F. Supp. 152, 23 V.I. 285 (D.V.I. 1987). When Plaintiff became a Judge of the

---

[2] Title 3 V.I.C. § 733 permits a judge to continue to receive a non-judicial pension while serving his/her term as long as that he/she is eligible for said pension. Here, Title 33 V.I.C. § 3080 sets forth the parameters and eligibility criteria for the Elected Governors and Elected Lieutenant Governors Retirement Fund.

[3] Plaintiff argues that Title 33 V.I.C § 3080(f)(c) should be read in conjunction with Title 24 V.I.C. § 362 to determine if Plaintiff "holds an appointed or salaried position in the Government of the Virgin Islands." The Court does not find Title 24 V.I.C. § 362 applicable to Title 33 V.I.C. § 3080 because the definitions contained within Title 24 V.I.C. § 362 is limited specifically to chapter 14 of Title 24. *See* Title 24 V.I.C. § 362 ("As used in this chapter [14] the following words shall have the following meanings unless the text clearly requires oth-

Superior Court, he is considered to hold an "appointed or salaried position in the Government of the Virgin Islands." *See* Title 4 V.I.C. § 72(c) ("The judges of the Superior Court shall be officers of the Government of the Virgin Islands. . ."); *see also, Joseph v. Government of the Virgin Islands,* 576 F. Supp. 1335, 1337 (D.V.I. 1983). Thereby, according to the disqualifying language in Title 33 V.I.C. § 3080(f)(c), Plaintiff is ineligible to continue to receive any pension benefits from the Elected Governors and Elected Lieutenant Governors Retirement Fund while serving as a Judge of the Superior Court.

## CONCLUSION

In this matter, the Court finds that Plaintiff failed to show that he is entitled to a judgment as a matter of law that he is eligible to continue to receive pension payments under Title 33 V.I.C. § 3080 while serving as a Judge of the Superior Court. On the other hand, the Court finds that Defendant successfully showed that it is entitled to a judgment as a matter of law that Plaintiff is ineligible to continue to receive pension payments under Title 33 V.I.C. § 3080 while Plaintiff is serving as a Judge of the Superior Court. Based on the existing evidence, viewed in favor of Plaintiff, there is no genuine issue remaining in this matter. Accordingly, the Court will grant Defendant's Cross-Motion for Summary Judgment and deny Plaintiff's Motion for Partial Summary Judgment. An order consistent with this Memorandum Opinion will be issued.

---

erwise. . ."). There is also no evidence that indicates a legislative intent to look at other statutes when interpreting Title 33 V.I.C. § 3080.