**JULIO A. BRADY, Appellant/Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Defendant**

S. Ct. Civil No. 2011-0096

Supreme Court of the Virgin Islands

September 18, 2012

JOEL H. HOLT, ESQ., St. Croix, USVI, *Attorney for Appellant.*

435

PAUL J. PAQUIN, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and MOORE, *Designated Justice*[1].

## OPINION OF THE COURT

(September 18, 2012)

PER CURIAM. Appellant, the Honorable Julio A. Brady, appeals the Superior Court's October 19, 2011 order dismissing his claims against Appellee, the Government of the Virgin Islands. Because title 33, section 3080 of the Virgin Islands Code prevents former Governors and Lieutenant Governors from receiving their pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund while serving as a judge of the Superior Court, and this provision does not conflict with title 3, section 733(g) or create an ambiguity that must be resolved in Judge Brady's favor, we affirm the Superior Court's order.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

The relevant facts surrounding this case are not in dispute. Judge Brady served as the Elected Lieutenant Governor of the Virgin Islands from January 3, 1983 to January 3, 1987. (J.A. 10.) In 1990, the Legislature passed Act No. 5666, which established the Elected Governors Retirement Fund. *See* 33 V.I.C. § 3080. Section 3080 was amended by the Legislature in 1994 to also provide pension benefits for Elected Lieutenant Governors. *See* Act No. 5979, § 5 (V.I. Reg. Sess. 1994). In response to the 1994 amendment to section 3080, Judge Brady requested that he receive pension payments from the fund, retroactive to the date he left office, but excluding periods in which he served as a judge from September 25, 1992 to June 10, 1994 and as Attorney General of the Virgin Islands from September 15, 1995 to January 29, 1999. Although the Government initially contended that Judge Brady was not entitled to retroactive payments under section 3080, it ultimately changed its

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. The Honorable Thomas K. Moore sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

position and stated that Judge Brady's pension is retroactive to the date he retired as Lieutenant Governor. The Government subsequently issued Judge Brady a check for back-pension payments owed from 1987 through 2003. In calculating Judge Brady's back-pension payments, the Government excluded the periods of time between 1987 and 2003 when Judge Brady served as a judge of the then Territorial Court and the Attorney General. Thereafter, Judge Brady received bi-weekly pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund.

On May 6, 2006, Judge Brady was sworn in as a Superior Court judge, and in January 2007 the Government ceased making pension payments to Judge Brady from the Elected Governors and Elected Lieutenant Governors Retirement Fund. As its basis for stopping his pension payments, the Government informed Judge Brady that 33 V.I.C. § 3080 precludes him from receiving pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund while serving as a Superior Court judge.

Judge Brady filed a Corrected Amended Complaint on July 17, 2008, requesting: 1) a declaratory judgment that he is entitled to his pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund during his appointment as a Superior Court judge; 2) an accounting of all unpaid sums that are due; 3) damages equal to the amount of all unpaid sums plus accrued interest; 4) injunctive relief enjoining the Government from withholding these pension payments in the future; 5) attorney's fees and costs; and 6) any other relief the court deems appropriate. On July 6, 2009, Judge Brady filed a motion for partial summary judgment, and on December 28, 2009, the Government filed an opposition to Judge Brady's motion, as well as a cross-motion for summary judgment. The Superior Court held a hearing on these motions on October 14, 2011, and on October 19, 2011, the Superior Court issued an order denying Judge Brady's motion for partial summary judgment, granting the Government's motion for summary judgment, and dismissing Judge Brady's complaint with prejudice. In reaching this conclusion, the Superior Court held that under title 33, section 3080, Judge Brady is not entitled to receive pension payments while serving as a Superior Court judge. Judge Brady filed a timely notice of appeal on October 21, 2011.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). Since the Superior Court's October 19, 2011 Order ended the litigation on the merits, we possess jurisdiction over Judge Brady's appeal. *See Bryant v. People*, 53 V.I. 395, 401 (V.I. 2010).

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Likewise, this Court's review of the trial court's construction of a statute is plenary. *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 483 (V.I. 2008).

### B. 33 V.I.C. § 3080 and 3 V.I.C. § 733(g) are not in conflict or ambiguous

■■ The only issue on appeal is whether Judge Brady is entitled to receive his pension as a former Lieutenant Governor during his appointment and service as a Superior Court judge. The version of section 3080(f) that was in effect at the time the Government ceased providing benefits to Judge Brady reads, in its entirety, as follows:

> (f) Notwithstanding his age, any elected Governor and Lieutenant Governor retiring pursuant to the provisions of this section shall receive, beginning on the date he leaves office, a service retirement annuity, as follows:
>
> > (a) after one (1) term in office, 40% of the Governor's and Lieutenant Governor's current salary;
> >
> > (b) after two (2) terms in office, 80% of the Governor's and Lieutenant Governor's current salary;
> >
> > (c) after three (3) terms in office, 100% of the Governor's and Lieutenant Governor's current salary; provided, however, that *in the event a former elected Governor and Lieutenant Governor is reelected to the Office of Governor, Lieutenant Governor, Senator,*

438

*Delegate to Congress, or holds any other appointed or salaried position in the Government of the Virgin Islands after retirement, disbursements pursuant to this section shall cease* until such time as eligibility pursuant to subsection (e) of this section is attained; and provided, further, that if a former Lieutenant Governor serves two (2) terms and is elected to the office of Governor and serves therein, such term or terms may be credited for the purposes of receiving the maximum service annuity as Lieutenant Governor provided, however, that if the Lieutenant Governor is elected to two (2) or more terms as Governor, he will be limited to the benefits provided for either the Governor or Lieutenant Governor.

In the event an elected Governor and Lieutenant Governor resigns from office due to illness with one-half or less of his term remaining, for purposes of this section only, he shall be considered to have completed the term.

33 V.I.C. § 3080(f) (emphasis added).[2] The above emphasized language clearly and unambiguously prohibits former Governors and Lieutenant Governors from receiving their pension payments under the retirement fund created under § 3080 while holding *any* other appointed or salaried position in the Government of the Virgin Islands. Title 4, section 72, which establishes the office, salary, and mode of selection for Superior Court judges, defines them as "officers of the Government of the Virgin Islands." 4 V.I.C. § 72(c). These judges are "appointed by the Governor," and "receive a salary."[3] 4 V.I.C. § 72(a) and (c); *see also Joseph v. Gov't of the V.I.*, 576 F.

---

[2] In 2011, the Legislature enacted Act No. 7307, which substituted the phrase "current salary" each time it appears in section 3080(f)(a)-(c) with "the average salary of last term in office." Because of the disposition of the present appeal, we decline to address the appropriate pension Judge Brady will be entitled to receive when he again becomes eligible to collect such benefit.

[3] Relying upon a provision in title 24, section 362 that sets forth a definition of "public employee" excluding judges from certain "collective bargaining" provisions of the Code, Judge Brady contends that section 362 indicates that the Legislature did not intend the provision regarding "any other appointed or salaried position in the Government of the Virgin Islands" in section 3080(f)(c) to include Superior Court judges. As Judge Brady recognizes in his brief, however, section 362's definition of "public employee" is explicitly limited to chapter 14 of title 24 (definition for "use[] in this chapter"). That Chapter of the Code, moreover, addresses "the principle and procedure of collective bargaining . . . in good faith with valid public employee organizations." 24 V.I.C. § 361. Accordingly, it would contradict the Leg-

Supp. 1335, 1337 (D.V.I. 1983) (recognizing that the Judiciary is a co-equal branch of the Government of the Virgin Islands). Therefore, under section 3080(f)(c), former elected Governors and Lieutenant Governors who subsequently serve as judges of the Superior Court are not eligible to receive pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund during their appointment to the Superior Court.

Judge Brady does not seem to dispute this interpretation of section 3080(f). In fact, he agrees with this interpretation by his prior requests for such pension benefits which excluded his service to the appointed and salaried positions of Territorial Court Judge and Attorney General. Instead, he argues that the subsequent enactment of title 3, section 733(g) creates a "right for all Territorial Judicial Officers to receive vested non-judicial pensions while sitting on all courts of the Territory," (Appellant's Br. 7) and that the "applicable rules of statutory construction dictate that the wording of 3 V.I.C. § 733(g) overrides the language of 33 V.I.C. § 3080(f)(c)." (Appellant's Br. 11.) This argument, however, misinterprets title 3, section 733(g).

█ Section 733(g) states:

> Nothing contained in this chapter shall be construed to prevent any person eligible [therefor] from simultaneously receiving an annuity computed on the basis of years of service other than as a member of the Judiciary and an annuity computed in accordance with this section; nor shall anything contained in this chapter be construed to prevent a member of the Judiciary from receiving, while serving in the Judiciary, an annuity for non judicial service.

3 V.I.C. § 733(g). Contrary to Judge Brady's contention, section 733(g) does not "create a right" requiring that all judicial officers be permitted to receive vested non-judicial pensions while sitting on courts in this Territory. Section 733(g) merely clarifies that nothing contained in title 3, chapter 27 should be "construed to prevent a member of the Judiciary from receiving, while serving in the Judiciary, an annuity for non judicial service." It is not any section of title 3, chapter 27, however, that prevents former elected Gover-

---

islature's clear intent to rely on that definition of "public employee" for completely unrelated purposes in interpreting another provision of the Code outside of title 24, chapter 14. This argument is thus unpersuasive.

nors and Lieutenant Governors from receiving pensions while serving as Superior Court judges. Rather, this eligibility criterion is found in the actual statute creating the Elected Governors and Elected Lieutenant Governors Retirement Fund, title 33, chapter 111, section 3080. Section 733(g) thus does not conflict with section 3080. Nor does it create a right for all Territorial Judicial Officers to receive vested non-judicial pensions for which they are ineligible once appointed to the bench while sitting on courts in this Territory.

■ The role of this Court is to construe the statute the Legislature created, and title 33, section 3080(f)(c) clearly prevents former Governors and Lieutenant Governors from receiving pension payments while sitting on courts in this Territory or serving in other specified salaried elected or appointed government positions.

■■ The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. *In re Adoption of Sherman*, 49 V.I. 452, 456 (V.I. 2008). If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed. *Shoy v. People*, 55 V.I. 919, 926 (V.I. 2011) ("In interpreting a statute, we commence with the plain language of the statute. If the language is clear and unambiguous, there is no need to resort to any other rule or statutory construction"). Here, title 33, section 3080 clearly and unambiguously disqualifies former Governors and Lieutenant Governors from receiving their pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund while serving in an appointed or salaried government position, including serving as a Superior Court judge.

■ Judge Brady argues that sections 3080 and 733(g) overlap, requiring this Court to apply the last-in-time rule because "both statutes address Judge Brady's pension rights, creating ambiguity." (Appellant's Br. 11). The fact that both statutes address Judge Brady's pension rights does not create statutory ambiguity. The two statutes address two different systems, one for Elected Governors and Lieutenant Governors, and another for judicial officers, which allows them to participate in the Employees Retirement System without foregoing other non-judicial annuities or retirement benefits because of that participation. The fact that these two statutes overlap in their application to Judge Brady, in his dual role as a former Lieutenant Governor and a sitting Superior Court judge,

does not create statutory ambiguity or defy a plain meaning interpretation of either statute.

■ Section 733(g) merely expresses the Legislature's intent that none of the provisions found in title 3, chapter 27 should be interpreted as preventing a member of the Judiciary from receiving an annuity for non-judicial service while serving in the Judiciary. The legislative provision making Judge Brady ineligible for the pension during his term of judicial service, however, is found in title 33, chapter 111.

■ Judge Brady argues that under precedent from the District Court of the Virgin Islands,. this Court must construe statutes establishing Territorial judicial benefits "liberally . . . in favor of those intended to be benefited." (Appellant's Br. 9-10) (citing *Joseph v. Gov't of the V.I.*, 576 F. Supp. 1335 (D.V.I. 1983) and *Joseph v. Roebuck* (*Joseph II*), 23 V.I. 312, 672 F. Supp. 219 (D.V.I. 1987)). In *Joseph II*, the District Court went on to explain that it was "influenced by the axiom that pension benefits are to be construed in favor of the beneficiary *where there is ambiguity.*" *Joseph II*, 23 V.I. at 320 (emphasis added). District Court interpretations of Territorial statutes are not binding on this Court, but even if we were to follow the court's reasoning, the *Joseph* cases are distinguished by the lack of ambiguity in the statutes at issue here.

The Superior Court therefore did not err in granting the Government's motion for summary judgment and dismissing Judge Brady's complaint on this ground.

### C. A plain meaning interpretation of § 3080 and § 733(g) does not create an "absurd" or "unreasonable" result

We recognize that under the Virgin Islands Code other former government employees, such as former eligible Senators and Attorneys General, are permitted to receive their vested non-judicial pensions while sitting on courts in this Territory, and only former Governors and Lieutenant Governors are prevented from collecting their pension while so serving.

■ Judge Brady argues that allowing all other retired government employees, except retired Governors and Lieutenant Governors, to receive non-judicial retirement benefits while serving as judges is an absurd and unreasonable result that the Legislature could not have intended. We recognize that statutes " 'should not be construed and applied in such a way that would result in injustice or absurd

442

consequences.' " *Farrell v. People*, 54 V.I. 600, 610 (V.I. 2011) (quoting *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009)). We see a clear distinction, however, between other government pension plans and the Elected Governors and Elected Lieutenant Governors Retirement Fund. Senators, for example, must contribute eleven percent (11%) of their annual salary to the Government Employee Retirement System, serve at least six years in office, and are not eligible to receive retirement benefits from the system until age fifty (50).[4] *See* 3 V.I.C. § 763. In contrast, the Elected Governors and Elected Lieutenant Governors Retirement Fund is funded in large part by the general fund and Governors and Lieutenant Governors are not required to contribute an additional portion of their salary to the fund.[5] *See* 33 V.I.C. § 3080. Additionally, Governors and Lieutenant Governors are entitled to receive benefits from the fund after only four years of service[6] and are eligible to collect those benefits immediately upon leaving office, regardless of their age. *See id.* Thus, it is not unreasonable to conclude that the Legislature intended to suspend the pension payments to retired Governors and Lieutenant Governors while holding other appointed or salaried positions — such as a Superior Court judge — in the Government of the Virgin Islands, even though other former government employees are permitted to receive their vested pensions for prior government service while serving in a different government position — such as a judge.

■ Even if we disagreed with the Legislature's decision to prevent former Governors and Lieutenant Governors from receiving pension payments under the retirement fund created under § 3080 while holding other appointed or salaried positions as officers of the Government of the Virgin Islands, it is not the function of this Court to substitute its judgment

---

[4] Judges are also required to contribute eleven percent (11%) of their annual salary to the Government Employee Retirement System, serve at least six years in office, and are not eligible to receive retirement benefits from the system until age fifty (50). *See* 3 V.I.C. § 733(d) & (e)(1).

[5] The Elected Governors and Elected Lieutenant Governors Retirement Fund is partially funded by the contributions made by elected Governors and Lieutenant Governors to the Employees Retirement System pursuant to Title 3, section 701, et seq., and funds previously contributed by Governors and Lieutenant Governors to the Employees Retirement System. *See* 33 V.I.C. § 3080(b) & (d).

[6] *See also* 33 V.I.C. § 3080(f) ("In the event an elected Governor and Lieutenant Governor resigns from office due to illness with one-half or less of his term remaining, for purposes of this section only, he shall be considered to have completed the term.").

for that of the Legislature. *See Murrell v. People*, 54 V.I. 338, 347 (V.I. 2010) (holding courts must adhere to legislative intent when interpreting a statute); *Daughters of Miriam Ctr. for the Aged v. Matthews*, 590 F.2d 1250, 1257 (3d Cir. 1978) ("[C]ourts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws") (quoting *Ferguson v. Skrupa*, 372 U.S. 726, 730, 83 S. Ct. 1028, 10 L. Ed. 2d 93 (1963)).

While the differing treatment provided for in the Elected Governors and Lieutenant Governors Retirement Fund may at first glance appear to be an unreasonable interpretation, because of greater benefits conferred upon elected Governors and Lieutenant Governors when compared to all other Territorial officials, the reduced contribution requirement, and the absence of age restrictions or benefits caps, the interpretation we are compelled to make under a plain reading does not violate tenets of construction that caution against absurd or unreasonable interpretations. Although the Legislature's "inten[t] to attract retired government employees receiving a non-judicial pension to join the Judiciary by allowing them to continue to receive their vested non-judicial pensions" (Appellant's Br. 12), is evident in section 733(g), this intent cannot also be applied to the Elected Governors and Lieutenant Governors Retirement Fund. It is not indicated in the wording of the statute and we are foreclosed from imputing this intent due to their lack of ambiguity or overlap. Although the goal of attracting former Governors and Lieutenant Governors to serve in the judiciary is undoubtedly desirable, this is not how these statutes operate. Judge Brady's remedy in this instance lies in legislative action to amend the statute, not judicial action to impute a contrary legislative intent. Therefore, we must affirm the ruling of the Superior Court.

## III. CONCLUSION

Judge Brady is not entitled to receive pension payments from the Elected Governors and Elected Lieutenant Governors Retirement Fund while serving as a Superior Court judge. Therefore, the Superior Court did not err in granting the Government's motion for summary judgment and dismissing Judge Brady's complaint.