THE PEOPLE OF THE VIRGIN ISLANDS

v.

**MIRIAM HENLEY, Defendant**

Criminal No. 26-1937

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 23, 1937

JAMES A. BOUGH, Esq., District Attorney, Charlotte Amalie, *for The People*

JACQUES M. SCHIFFER, Esq., Charlotte Amalie, *for defendant*

HASTIE, *Judge*

In this cause the defendant has moved to dismiss the information on the ground that the false and disparaging statements complained of were defamatory only of a dead person.

The crime of slander exists in this jurisdiction only by statute (1921 Code, Title IV, ch. 5, §§ 48-52; 14 V.I.C. §§ 1180-1183). Indeed, at common law, the utterance of slanderous words was not a crime. People v. Tylkoff, 212 N.Y. 197, 105 N.E. 835. Moreover, the observable tendency in statutes making libel and slander crimes has been to embrace wider fields in defining libel than in defining slander.

Our own ordinance on slander covers false and malicious utterances against "natural persons" and corporations. Deceased persons are not mentioned.

In contrast, the ordinance defining the crime of libel (1921 Code, Title IV, ch. 5, § 36; 14 V.I.C. § 1171) expressly covers writings "tending to blacken the memory of one who is dead." The presence of such language in the statute defining libel, and the absence of any similar language in the definition of slander affords a basis for an inference that the legislature did not intend to include in the slander ordinance utterances concerning deceased persons.

In addition, it must be considered that criminal statutes generally are to be construed strictly. It would take a most liberal construction of our statute and a disregard of the basis of inference and implication already mentioned to extend that statute to include oral statements concerning a deceased person.

Whether it is desirable to include in the crime of slander such utterances as are here complained of, it is not for this court to determine. The Court decides merely that

398

the statute on slander, as enacted by the legislature, does not cover such oral defamation of a deceased person.

The motion will be granted and the information dismissed accordingly.

It is so ordered.