# LEE J. ROHN, Appellant/Defendant
## v.
# PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Criminal No. 2011-0087

Supreme Court of the Virgin Islands

November 21, 2012

RYAN W. GREENE, ESQ.,[1] ANNA M. WASHBURN, ESQ., Lee J. Rohn & Associates, LLC, St. Croix, USVI; GORDON C. RHEA, ESQ., Richardson,

---

[1] Although only Attorney Greene signed the brief filed on behalf of Attorney Rohn, on September 10, 2012 this Court received a notice from Attorney Washburn stating that Attorney Greene no longer represents Attorney Rohn in this matter because Attorney Washburn filed a notice of appearance on June 21, 2012. This Court, in a September 11, 2012 Order, noted that neither document effectuated Attorney Greene's withdrawal pursuant to Supreme Court Rule 36(d)(2), and advised Attorney Rohn of the proper procedure to obtain substitution of counsel. Attorney Rohn, however, never took these steps, and thus Attorney Greene remains counsel of record in this matter.

Patrick, Westbrook & Brickman, LLC, Mt. Pleasant, South Carolina, *Attorneys for Appellant.*

TIFFANY V. MONROSE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, Chief Justice; CABRET, Associate Justice; and SWAN, Associate Justice.

## OPINION OF THE COURT

(November 21, 2012)

HODGE, *Chief Justice.* Lee J. Rohn appeals from the Superior Court's December 6, 2011 "Judgment and Sentence," which suspended her driving privileges for two years, as well as an earlier April 20, 2011 Memorandum Opinion holding that license revocation is mandatory for all individuals who plead guilty to simple possession of a controlled substance. For the reasons that follow, we reverse the April 20, 2011 Opinion and the portion of the December 6, 2011 "Judgment and Sentence" that suspends Rohn's license.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On April 4, 2003, the People of the Virgin Islands charged Rohn with possession of a controlled substance with intent to distribute in violation of section 604(a) of title 19 of the Virgin Islands Code, as a result of an incident where Rohn attempted to board a flight at a St. Croix airport with marijuana in her checked luggage. After numerous proceedings unrelated to this appeal, the parties negotiated a plea agreement, and the Superior Court scheduled a change-of-plea hearing for November 19, 2010.

At the hearing, the parties informed the Superior Court that, pursuant to the plea agreement, Rohn agreed to plead guilty to the lesser included offense of simple possession in violation of section 607(a) of title 19, and the People recommended that she receive probation in lieu of a conviction pursuant to section 607(b)(1) of title 19, which applies to first-time offenders of the controlled substances statute. However, the Superior Court judge notified the parties that if Rohn pled guilty, he would invoke section 378(a) of title 20 to suspend her driver's license for two years. (J.A. 43.) When both Rohn and the People objected and informed the

Superior Court that this provision did not apply to defendants who receive section 607(b)(1) treatment, the Superior Court directed the parties to brief the issue. However, the Superior Court judge conditionally accepted Rohn's guilty plea, with the understanding that she could withdraw her plea if he disagreed with the parties' interpretation of the pertinent statutes. While both Rohn and the People filed briefs contending that section 378 only applies to individuals actually adjudicated guilty, the Superior Court, in an April 20, 2011 Opinion, held that section 378(a) applied to all individuals who plead guilty, even if they ultimately do not receive a conviction as a result of qualifying for section 607(b)(1) treatment.

After various other proceedings, including an attempted appeal to this Court which was dismissed for lack of jurisdiction,[2] the Superior Court held a sentencing hearing on September 21, 2011, where it imposed a six-month period of probation but, consistent with section 607(b)(1), did not adjudicate Rohn guilty of any offense. Consistent with its April 20, 2011 Opinion, the Superior Court ordered a two year suspension of Rohn's driving privileges, but held that portion of the sentence in abeyance pending appeal. Rohn timely filed her notice of appeal on September 28, 2011, and the Superior Court subsequently memorialized its decision in a December 6, 2011 "Judgment and Sentence."[3] While this appeal was pending, the Superior Court satisfactorily discharged Rohn from probation in an April 18, 2012 Order and dismissed the underlying charges.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■■■■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). In this case, the Superior Court issued a "Judgment and Sentence" on December

---

[2] *Rohn v. People*, S. Ct. Crim. No. 2011-0040, slip op. at 4 (V.I. June 17, 2011).

[3] Although signed by the Superior Court judge on December 1, 2011, the Clerk of the Superior Court did not enter the "Judgment and Sentence" onto the Superior Court docket until December 6, 2011. *See* V.I.S.CT.R. 5(b)(6) ("A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket.").

6, 2011. As a general rule, judgments of conviction in criminal cases constitute final judgments for the purposes of section 32(a). *E.g., Potter v. People*, 56 V.I. 779, 787 (V.I. 2012) (citing *Browne v. People*, 56 V.I. 207, 216 (V.I. 2012) and *Melendez v. People*, 56 V.I. 244, 251 (V.I. 2012)). However, the "Judgment and Sentence," despite its caption, did not fully adjudicate the issue of whether Rohn would receive a conviction for simple possession, because section 607(b)(1) conditions dismissal of a charge upon successful completion of probation. Nevertheless, this Court possesses jurisdiction over this appeal because it was still a final order within the meaning of section 32.[4]

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007); *see also People v. John*, 52 V.I. 247, 255 (V.I. 2009) (quoting *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006)), *aff'd* 654 F.3d 412, 55 V.I. 1324 (3d Cir. 2011).

### B. Relationship Between 19 V.I.C. § 607(b)(1) and 20 V.I.C. § 378(a)

■ The sole question to be resolved on appeal is one of statutory interpretation: must defendants who receive probation in lieu of an adjudication of guilt pursuant to section 607(b)(1) of title 19 nonetheless have their driving privileges suspended for two years under section 378(a) of title 20? Both Rohn and the People urge this Court to conclude that the Legislature did not intend that result or, in the alternative, apply the rule

---

[4] We consider the order to be "final" for the purposes of section 32 because it is the last order the court entered before the accused began her "sentence" of probation. Thus, it is the last order from which Rohn could appeal. While an order of discharge based on Rohn's satisfactory completion of probation was issued approximately four months later, and while further proceedings might have taken place had Rohn failed to satisfactorily complete her probation, this was the final opportunity Rohn had to challenge her sentence before it was imposed. *See Korematsu v. United States*, 319 U.S. 432, 434-35, 63 S. Ct. 1124, 87 L. Ed. 1497 (1943) (observing that the "incidents of probation" compel a conclusion that it is a punishment like any other, though mild in degree, and "certainly when discipline has been imposed, the defendant is entitled to review"). In any case, the Superior Court discharged Rohn from probation on April 18, 2012, and dismissed the proceedings, which would vest this Court with jurisdiction even if she had prematurely filed her notice of appeal. *See Harvey v. Christopher*, 55 V.I. 565, 571 (2009) ("It is well established that subsequent events may ripen a prematurely filed appeal.") (citing *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 139-40, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974)).

of lenity. However, "because the parties cannot stipulate to the law, especially in a situation such as this where the decision may impact other pending or future cases," *Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012), the parties' agreement, standing alone, does not compel us to reverse the April 20, 2011 Opinion.[5]

██ ██ Nevertheless, having independently reviewed the pertinent statutes, we conclude that the Legislature did not intend for section 378(a) to apply to defendants who receive section 607(b)(1) probationary treatment. One of the cardinal principles of statutory interpretation requires this Court to apply "the plain meaning" of the statute whenever it can be ascertained. *See Codrington v. People*, 57 V.I. ___, ___ (V.I. 2012). Section 378 reads, in pertinent part, as follows:

> (a) Any person who *pleads guilty to*, or is convicted of, posses-sion of a controlled substance under Title 19, section 607, Vir-gin Islands Code . . . shall, in addition to any and all other penalties provided by law, have his driver's license or driving privileges revoked for a period of two years; or, in the case of a non-driver, shall not be eligible for a driver's license for a period of two years following conviction. . . .
>
> (c) For purposes of this section, the Judges of the [Superior] and District Courts shall immediately take possession of any driv-er's license of a person convicted of, or who pleads guilty to, a drug offense pursuant to subsections (a) and (b) of this sec-tion, and forthwith forward same to the Commissioner of Po-lice *together with a copy of the judgment.* . . .

20 V.I.C. § 378 (emphasis added). However, section 607 provides, in per-tinent part, as follows:

> (b) (1) If any person who has not previously been convicted of [*inter alia*, possession of a controlled substance] is found guilty of [possess-

---

[5] When both parties to an appeal urge the same result, this Court may, pursuant to its statutory and inherent powers, appoint an attorney to serve as an *amicus curiae* and defend the un-derlying ruling. However, since Rohn and the People filed briefs in the Superior Court pro-ceedings which are substantively similar to those filed as part of this appeal, and the Superior Court's April 20, 2011 Opinion thoroughly and extensively addressed those very same ar-guments, this Court concluded that there was no need to appoint an *amicus curiae* attorney in this particular case.

ing a controlled substance] after trial or upon a plea of guilty, the court may, *without entering a judgment of guilty* and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of his probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him. *Discharge and dismissal under this subsection shall be without court adjudication of guilt,* but a nonpublic record thereof shall be retained by the Department of Justice solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. *Such discharge or dismissal shall not be deemed a conviction* for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under this part for second or subsequent convictions) or for any other purpose. Discharge and dismissal under this section may occur only once with respect to any person.

19 V.I.C. § 607 (emphases added).

██ By its own terms, section 378(c) requires the judge who invokes section 378(a) to forward the defendant's driver's license "together with a *copy of the judgment*" to the Commissioner of Police. 20 V.I.C. § 378(c) (emphasis added). Although the Virgin Islands Code does not define a "judgment," we have previously acknowledged that "[t]he Virgin Islands Legislature has instructed that . . . '[t]echnical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.' " *Defoe v. Phillip*, 56 V.I. 109, 121 (V.I. 2012) (quoting 1 V.I.C. § 42). The term "judgment" has attained such a peculiar meaning in the law, and is defined as "[a] court's *final determination* of the rights and obligations of the parties in a case" or, in the alternative, "any order from which an appeal lies." BLACK'S LAW DICTIONARY 918

(9th ed. 2009) (emphasis added). Additionally, Superior Court Rule 134(b) provides that, in criminal cases, "[a] judgment of conviction shall set forth the complaint, the plea, the findings, the *adjudication* and sentence." (emphasis added). Importantly, Rule 134(b) has its origins in the Rules of the Municipal Court, initially adopted by the District Court of the Virgin Islands on December 18, 1956, and therefore was in existence at the time the Legislature enacted both section 378 of title 20 and section 607 of title 19. *See Homer v. Lorillard*, 6 V.I. 558, 568 (V.I. Mun. Ct. Dec. 20, 1967) (explaining that "the Municipal Court rules were adopted by . . . Order of Adoption dated December 18, 1956, and by Amendatory Order dated May 28, 1957"); Act No. 2961, § 1 (V.I. Reg. Sess. 1971) (enacting 19 V.I.C. § 607); Act No. 5649, § 7 (V.I. Reg. Sess. 1990) (enacting 20 V.I.C. § 378). Therefore, the December 6, 2011 "Judgment and Sentence" — despite its caption — did not actually constitute a "judgment" pursuant to Rule 134(b) or the common meaning of the term. *See In re Najawicz*, 52 V.I. 311, 325 (V.I. 2009) (determining that the trial court's "Temporary Restraining Order" was, in fact, a preliminary injunction); *cf. Chavayez v. Buhler*, S. Ct. Civ. No. 2007-060, 2009 V.I. Supreme LEXIS 26, at *3 n.1 (V.I. June 25, 2009) (unpublished) ("[I]t is well established that the substance of a motion, and not its caption, shall determine under which rule that motion is construed."). Thus, the Superior Court clearly erred when it applied section 378(a) in its December 6, 2011 "Judgment and Sentence" notwithstanding the absence of a judgment.

We recognize that, in its April 20, 2011 Opinion, the Superior Court emphasized that section 378(a) states that it applies to any defendant who "pleads guilty to, or is convicted of," an offense under section 607, and relied on this language to hold that the license suspension provision applies to all individuals who enter a guilty plea, even if that plea does not actually result in a conviction. Since the April 18, 2012 Order finding that Rohn had satisfactorily fulfilled the conditions of her probation constitutes a "judgment" — albeit one that dismisses all charges against Rohn — the Superior Court's interpretation of section 378(a) would still compel suspending Rohn's license. But in relying on the "pleads guilty to" language of section 378(a), the Superior Court ignored the provision of section 378, which also states that the two-year period for

suspending a license begins upon the date of "conviction,"[6] 20 V.I.C. § 378(a), and section 607 makes clear that a discharge or dismissal from probation shall "*not* be deemed a conviction" for any purpose. 19 V.I.C. § 607(b)(1) (emphasis added). In fact, section 607 expressly mandates that the Superior Court impose probation "without entering a judgment of guilty," even if the defendant wishes to enter a plea of guilty. 19 V.I.C. § 607(b)(1). Therefore, while a court is required to, whenever possible, give effect to all the terms of a statute, *see Duggins v. People*, 56 V.I. 295, 302 (V.I. 2012) (quoting *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009)), the plain text of sections 378 and 607 precludes interpreting the phrase "pleads guilty to, or is convicted of" to mean anything other than a conviction.[7]

---

[6] We note that section 378(a) provides that a defendant shall "have his driver's license or driving privileges revoked for a period of two years; or, in the case of a non-driver, shall not be eligible for a driver's license for a period of two years following conviction," and that one could therefore argue that the phrase "following conviction" only applies to non-drivers. Such an interpretation would be inconsistent with how this Court has interpreted similarly-structured statutes, *see, e.g., Brady v. Gov't*, 57 V.I. 433, 438 (V.I. 2012) (interpreting 33 V.I.C. § 3080(f)(a)-(c)), and would create an ambiguity as to when the two-year suspension for current drivers begins to run.

Moreover, it is well established that a court should not apply the plain text of the statute if "it is uncontested that legislative intent is at odds with the literal terms of the statute," *Murrell v. People*, 54 V.I. 338, 352 (V.I. 2010), or if doing so would lead to "absurd consequences." *Farrell v. People*, 54 V.I. 600, 610 (V.I. 2011) (quoting *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009)). In its April 20, 2011 Opinion, the Superior Court failed to acknowledge that Act No. 5649 — which enacted section 378 — was passed with the stated purpose of "Provid[ing] for [the] Revocation of Driver's License for Narcotics Conviction," 1990 V.I. Sess. Laws 397, which provides impressive evidence of the Legislature's clear intent for section 378 only to apply to actual convictions with respect to both drivers and non-drivers. *See U.S. ex rel. Shackelford v. Amer. Mgt., Inc.*, 484 F. Supp. 2d 669, 676-77 (E.D. Mich. 2007) (considering a bill's stated purpose as evidence of Congress's intent); *see also* 1A NORMAN J. SINGER & J.D. SHAMBIE SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 20:10, at 138 (7th ed. 2007) (noting that the title of an act "is available in case of ambiguity to clarify the legislative meaning").

[7] Additionally, the Superior Court's interpretation of sections 378 and 607(b)(1) would render those statutes inconsistent with section 607(b)(2), which provides, in pertinent part:

Upon the dismissal of such person and discharge of the proceedings against him under paragraph (1) of this subsection, such person, if he was not over twenty-one years of age at the time of the offense, may apply to the court for an order to expunge from all official records . . . all recordation relating to his arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section. If the court determines, after hearing, that such person was dismissed and the proceedings against him dis-

Finally, to the extent any doubt remains, we emphasize that "it is a well-established canon of statutory interpretation that when two statutes cover the same situation, the more specific statute takes precedence over the more general one, unless it appears the Legislature intended for the more general to control." *V.I. Public Servs. Com'n v. V.I. WAPA*, 49 V.I. 478, 485 (V.I. 2008) (internal quotation marks and citations omitted). Here, section 607 represents the more specific statute, in that section 378 establishes a general license revocation scheme for all individuals convicted under the controlled substances law, whereas section 607 adopts a special procedure governing first-time offenders. *See Martin v. People*, 27 P.3d 846, 860-61 (Colo. 2001) (holding sex offender probation statute more specific than general sentencing scheme for felons). Although the Superior Court observed that section 378 was enacted nineteen years after section 607, and from that concluded that it "must assume that the Legislature enacted Section 378 with knowledge of Section 607(b)," (J.A. 24), the Legislature amended section 607 twice after it adopted section 378, keeping the core provisions of section 607 intact. *See* Act. No. 6463, § 27(c) (V.I. Reg. Sess. 2001); Act. No. 6730, § 3 (V.I. Reg. Sess. 2005). Consequently, the enactment of section 378 in 1990 does not constitute clear evidence that the Legislature intended for it to supersede section 607, the more specific statute.[8]

---

charged and that he was not over twenty-one years of age at the time of the offense, it *shall* enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, *to the status he occupied before such arrest* or indictment or information.

19 V.I.C. § 607(b)(2) (emphasis added). The Superior Court may sentence a defendant who receives section 607(b)(1) treatment to no more than one year of probation, and section 607(b)(2) authorizes a defendant not older than twenty-one to apply for expungement immediately after concluding probation, which if granted will return him "to the status he occupied before such arrest." But section 378(a) mandates license suspension for *two* years, thus making it impossible to return the defendant "to the status he occupied before such arrest."

[8] Given our holding, it is not necessary for us to address any of the other arguments raised in Rohn's brief, including her claim that the rule of lenity requires reversal. Nevertheless, we are compelled to emphatically reject Rohn's argument that section 378 should not apply to her because she is "an active attorney who represents thousands of clients," that "[o]perating a motor vehicle is an integral part of her career and livelihood," and that, under her circumstances, the application of the statute is especially harsh. (Appellant's Br. 7.)

## III. CONCLUSION

■ For the foregoing reasons, we hold that the mandatory license revocation provisions found in title 20, section 378 of the Virgin Islands Code do not apply to individuals who qualify for probation without conviction under section 607(b)(1) of title 19. Accordingly, we reverse the April 20, 2011 Opinion and reverse the portion of the December 6, 2011 "Judgment and Sentence" that revokes Rohn's driving privileges for two years.