**DESRON WARD, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2012-0077

Supreme Court of the Virgin Islands

March 6, 2013

278

279

KELE C. ONYEJEKWE, ESQ., Territorial Public Defender, St. Thomas, USVI, *For Appellant*.

PAUL J. PAQUIN, ESQ., Deputy Solicitor General, St. Thomas, USVI, *For Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 6, 2013)

HODGE, *Chief Justice*. Appellant Desron Ward appeals from the Superior Court's February 3, 2012 Judgment and Commitment,[1] which adjudicated him guilty of third degree assault and use of a deadly weapon during a crime of violence. For the reasons that follow, we affirm the convictions but remand this matter for re-sentencing.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On October 26, 2011, a jury convicted Ward of third degree assault, in violation of section 297(2) of title 14 of the Virgin Islands Code, and using a dangerous weapon during the commission of a third degree assault, in violation of section 2251(a)(2)(B) of title 14. The Superior Court held a sentencing hearing on January 30, 2012, where Ward argued

---

[1] Although signed by the trial judge on February 2, 2012, the Clerk of the Superior Court did not enter this document on the docket until February 3, 2012.

that the Revised Organic Act of 1954, the Fifth Amendment of the United States Constitution, and section 104 of title 14 precluded the Superior Court from imposing separate punishments for each of the two offenses. After considering arguments from both parties, the Superior Court orally sentenced Ward to two years incarceration — all suspended — on the third degree assault count and seven-and-a-half years incarceration — none suspended — on the weapons count, with the sentences to be served consecutively. Although the Superior Court stayed execution of the sentence pending its consideration of Ward's double jeopardy argument, it orally held at an August 7, 2012 hearing that it was required to impose separate punishments, and formally lifted the stay of execution in an August 30, 2012 Order. Ward timely filed his notice of appeal on August 8, 2012.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Title 4, section 32(a) of the Virgin Islands Code gives this Court "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." The written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment. *See, e.g.,* *Jackson-Flavius v. People*, 57 V.I. 716 (V.I. 2012) (citing *Potter v. People*, 56 V.I. 779, 787 (V.I. 2012)). Therefore, we possess appellate jurisdiction over this appeal.

Generally, this Court exercises plenary review when a criminal defendant challenges the Superior Court's sentencing decision based solely on application of legal precepts. *Cheatham v. People*, S. Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, at *4 (V.I. 2009) (unpublished) (quoting *Warner v. Gov't*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. App. Div. 2004)); *see also Fontaine v. People*, 56 V.I. 660, 671 (V.I. 2012). Nevertheless, when a criminal defendant fails to object to a Superior Court decision or order, or fails to assert a claim in an appellate brief, this Court ordinarily reviews only for plain error. *See* V.I.S.CT.R. 4(h); *see also Francis v. People*, 52 V.I. 381, 390 (V.I. 2009). For this Court to reverse the Superior Court under the plain error standard of review, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461,

281

466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)). However, even "[i]f all three conditions are met," this Court may reverse the Superior Court "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 390-91.

## B. Validity of Section 2251

In his appellate brief, Ward raises only a single issue: that the Superior Court erred when it imposed separate sentences for both the assault and weapons charges.[2] Specifically, Ward alleges that (1) the portion of title 14, section 2251 providing that the penalty imposed for the weapons offense "shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence" is inconsistent with section 3 of the Revised Organic Act;[3] (2) an irreconcilable conflict exists between section 2251 and section 104 of title 14; and (3) section 2251 must be abrogated under the rule of lenity. We address each argument in turn.

### 1. *Revised Organic Act*

Section 3 of the Revised Organic Act provides, in pertinent part, that "no person for the same offense shall be twice put in jeopardy of punishment." 48 U.S.C. § 1561. According to Ward, this language

---

[2] Ward also argues that "[t]he cumulative trial errors doctrine renders Ward's trial fundamentally unfair," asserting that "[i]f th[e] Court concludes that none of the[] issues [he raises in support of his argument regarding the imposition of separate sentences] standing alone warrants a reversal, it should conclude that on the whole, the reliability of each conviction in this case is in doubt because of the cumulative trial errors." He then requests that the Court vacate his convictions as a remedy. (Appellant's Br. 25-26.) However, he does not identify, and makes no argument regarding, specific errors affecting the *determination of his guilt* as to the crimes for which he was convicted — instead, he focuses his appeal entirely on whether the Superior Court erred in *imposing separate sentences* for those convictions. Under these circumstances, he has waived any claim that any error — cumulative or otherwise — affected the determination of his guilt. *See* V.I.S.CT.R. 22(m) ("Issues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal."). With respect to his argument as it applies to sentencing, assuming *arguendo* that it is properly before us and that the cumulative error doctrine applies, *see, e.g., Nicholas v. People*, 56 V.I. 718, 750 n.24 (V.I. 2012), we decline to address it, given the disposition of this appeal.

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (2006), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2012) (preceding V.I. CODE ANN. tit. 1).

purportedly provides greater protection than the Double Jeopardy Clause of the Fifth Amendment, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST., amend. V. Ward acknowledges that section 3 concludes by providing that "[t]he following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: . . . the first to ninth amendments inclusive." 48 U.S.C. § 1561. However, he contends that the phrase "twice put in jeopardy of punishment" must mean something different than "twice put in jeopardy of life or limb" because otherwise the subsequent incorporation of the first through ninth amendments would render the earlier, more direct language wholly superfluous. (Appellant's Br. 16-17.) Without citing to any case law, legislative history, or other legal authority, Ward asserts that "Congress was intentionally more generous" when it utilized the "twice put in jeopardy of punishment" language. (*Id.*)

■ Unfortunately, Ward's argument that Congress intended to confer the Virgin Islands with greater double jeopardy protections is contrary to how the United States Supreme Court has interpreted that very same language. In *Gavieres v. United States*, 220 U.S. 338, 31 S. Ct. 421, 55 L. Ed. 489 (1911) and *Kepner v. United States*, 195 U.S. 100, 24 S. Ct. 797, 49 L. Ed. 114 (1904), the United States Supreme Court held that the sentence "No person, for the same offense, shall be twice put in jeopardy of punishment," found in the Organic Act of the Philippine Islands, meant "that the protection against double jeopardy therein provided had, by means of this statute, been carried to the Philippine Islands in the sense and in the meaning which it had obtained under the Constitution and laws of the United States."[4] *Gavieres*, 220 U.S. at 341 (citing *Kepner*). Since the *Gavieres* and *Kepner* decisions were issued before Congress adopted

---

[4] Moreover, the United States Supreme Court has implied that the "twice put in jeopardy of punishment" language in Puerto Rico's Organic Act of 1917 means the same as the Double Jeopardy Clause of the Fifth Amendment. *See People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 264 n.2, 58 S. Ct. 167, 82 L. Ed. 235 (1937). This same "twice put in jeopardy of punishment" language is also found in the Guam Organic Act, and the Supreme Court of Guam has interpreted the provision as establishing identical protection as the Double Jeopardy Clause. *See, e.g., People v Manila*, No. CRA03-005, 2005 WL 434473, at *3 (Guam 2005); *People v. San Nicolas*, No. CRA00-0005, 2001 WL 193628, at *2 (Guam 2001).

the Revised Organic Act — and, in fact, pre-date the transfer of the Virgin Islands to the United States in 1917 — we may infer that Congress, by including this language in the Revised Organic Act and being aware of how that same language had been interpreted by the United States Supreme Court, intended to reach the same result with respect to the Virgin Islands. *See* 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 52.2 (7th ed. 2008) (collecting cases).

■ Additionally, Ward fails to recognize that the last paragraph of section 3 — which, among other things, provides that the first through ninth amendments "shall have the same force and effect [in the Virgin Islands] as in the United States or in any State of the United States" — was not adopted concurrently with the "twice put in jeopardy of punishment" language found earlier in the section; rather, it was adopted as part of a 1968 amendment to the Revised Organic Act. Therefore, Ward's invocation of the preference against surplusage is inapposite, since the proper inquiry is whether the 1968 amendment to section 3 had the effect of implicitly repealing the prior direct prohibition on double jeopardy and replacing it with the Fifth Amendment. This Court, in the context of determining the source of the right to a jury trial in the Virgin Islands, held that this is precisely what happened. *See Murrell v. People*, 54 V.I. 338, 354-55 (V.I. 2010) (" '[W]hatever may have been the situation in the Virgin Islands prior to 1968,' Congress, through the 1968 amendment to section 3, expressed its intent for the Sixth Amendment, rather than section 26, to confer the substantive right to a jury trial in Virgin Islands local courts.") (quoting *Gov't of the V.I. v. Parrott*, 476 F.2d 1058, 1060, 10 V.I. 564 (3d Cir. 1973)). Consequently, to the extent any ambiguity existed as to the scope of the prohibition against double jeopardy in the Virgin Islands, it should have been laid to rest when Congress enacted the 1968 amendment to the Revised Organic Act to mandate that the Fifth Amendment "have the same force and effect" in the Virgin Islands "as in the United States or in any State of the United States." 48 U.S.C. § 1561.

### 2. Conflict Between Sections 104 and 2251

■ Ward further argues that, even if the Double Jeopardy Clause of the Fifth Amendment represents the proper legal authority, the Virgin Islands Legislature has not specifically authorized cumulative punishment for the third degree assault and use of a dangerous weapon during a third degree

assault offenses. *See Missouri v. Hunter*, 459 U.S. 359, 368-69, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (holding that, to withstand scrutiny under the Double Jeopardy Clause, a legislature must express clear intent to allow cumulative punishment when the same act violates multiple criminal statutes that do not require different elements). While the United States Court of Appeals for the Third Circuit previously held that "[t]he legislature made clear in the language of the deadly weapon statute that it intended the punishment imposed for that offense to be cumulative to the punishment imposed by the crime of violence itself," *Gov't of the V.I. v. Grant*, 775 F.2d 508, 513 (3d Cir. 1985), Ward contends that section 2251 is "at war" with section 104 of title 14, which provides that "[a]n act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one." According to Ward, sections 2251 and 104 are "conflicting provisions" because "the legislature did not use any 'notwithstanding' language in 2251 to override 104" but rather "said nothing about 104" when it enacted section 2251. (Appellant's Br. 23.) Therefore, Ward urges this Court to simply disregard section 2251 and apply *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), to prevent Ward from being punished for both offenses.[5]

▮▮▮▮ Ward, however, fails to recognize that "it is a well-established canon of statutory interpretation that when two statutes cover the same situation, the more specific statute takes precedence over the more general one, unless it appears the Legislature intended for the more general to control." *Rohn v. People*, 57 V.I. 637 (V.I. Nov. 21, 2012) (quoting *V.I. Public Servs. Com'n v. V.I. WAPA*, 49 V.I. 478, 485 (V.I. 2008)). While the preferred practice would be for the Legislature to use a "notwithstanding"

---

[5] In *Blockburger*, the United States Supreme Court held that, as a general rule, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304. However, it has subsequently clarified that the *Blockburger* test "is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Albernaz v. United States*, 450 U.S. 333, 340, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981) (internal quotation marks omitted). Consequently, this Court must apply section 2251 in lieu of *Blockburger* unless this Court concludes that the pertinent language in section 2251 is void, does not represent a clear intent to allow multiple punishment, or otherwise should not be followed.

or similar clause to distinguish a specific enactment from a more general enactment, such "magic" words have never been required in order to harmonize two seemingly conflicting enactments. *See, e.g., Cabinet for Health & Family Servs. v. Chauvin*, 316 S.W.3d 279, 287 (Ky. 2010) ("Although the intent of the legislature certainly would have been more perfectly expressed [by more specificity in the statute], this Court does not generally require statutes to use magic words."). Section 2251 is not only more recent than section 104 — one of the original provisions in the Virgin Islands Code — but it is the more specific provision, and expresses a clear and unambiguous intent on the part of the Legislature, whenever an individual is convicted under both section 2251 and a crime of violence, to require punishment for both of those offenses. Therefore, in enacting section 2251, the Legislature intended to establish an exception to the general rule set forth in section 104, and allow individuals to be punished for both violating section 2251 and the underlying crime of violence.[6]

### 3. Rule of Lenity

■ As the final issue raised in his appellate brief, Ward contends that this Court should use the rule of lenity as a mechanism to declare section 2251 void. The rule of lenity applies when there is "grievous ambiguity," *United States v. Diaz*, 592 F.3d 467, 474-75 (3d Cir. 2010), such that " 'after seizing everything from which aid can be derived,' . . . [the Court] can make 'no more than a guess as to what [the Legislature] intended.' " *Muscarello v. United States*, 524 U.S. 125, 139, 118 S. Ct. 1911, 141 L.

---

[6] We recognize that Ward was convicted of third degree assault based on his use of a dangerous weapon, *see* 14 V.I.C. § 297(2), and thus — since the underlying crime of violence is third degree assault — the elements of both third degree assault and using a dangerous weapon during a crime of violence are, in this case, completely identical. However, the United States Supreme Court has explicitly held that neither the Fifth Amendment nor *Blockburger* preclude a court from punishing a defendant for two distinct statutory offenses that contain identical elements, provided that the legislature intended to authorize cumulative punishment. *See Hunter*, 459 U.S. at 368-69 ("Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."). As noted above, the Virgin Islands Legislature clearly expressed such intent — in fact, the language in section 2251 authorizing cumulative punishment is virtually identical to the language used in the Missouri statute that the United States Supreme Court approved of in *Hunter*.

Ed. 2d 111 (1998) (quoting *United States v. Wells*, 519 U.S. 482, 499, 117 S. Ct. 921, 137 L. Ed. 2d 107 (1997) and other cases (further quotations omitted)). Where the Court finds such an ambiguous criminal statute, the rule dictates that "ambiguity . . . should be resolved in favor of lenity [to the defendant]." *Rewis v. United States*, 401 U.S. 808, 812, 91 S. Ct. 1056, 28 L. Ed. 2d 493 (1971); *see also Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) ("[W]hen a statute codifying a criminal offense is ambiguous, the ambiguity is resolved in favor of the criminal defendant."). This is so because "criminal statutes . . . are to be construed strictly." *People v. Henley*, 1 V.I. 397, 398 (D.V.I. 1937).

■■ But as these authorities make clear, the rule of lenity is only applicable if a statute is ambiguous — and even then, ambiguous to such a great extent that it is essentially impossible to divine the Legislature's intent without resorting to guesswork. As explained above, sections 104 and 2251 are not ambiguous; if we apply the traditional rules of statutory construction, it is clear that section 2251 serves as an exception to the general rule established by section 104. The fact that the Legislature did not preface section 2251 with the magic words "Notwithstanding section 104 of this title" is irrelevant; it is clear, from the plain text of section 2251, that the Legislature intended for an individual who commits a crime of violence and uses a deadly weapon when doing so to be punished under both section 2251 and for committing the underlying crime of violence. *Grant*, 775 F.2d at 513. Consequently, the rule of lenity does not constitute a valid basis for holding section 2251 void.

### C. Restitution

Although not raised as an issue in Ward's appellate brief,[7] the Superior Court committed error with respect to its restitution award. At the January 30, 2012 hearing, the People were unable to propose a specific amount of restitution, nor submit any evidence with respect to the amount of the victim's medical bills. (J.A. 325-27.) Upon hearing this information, the judge initially expressed concern about his authority to order restitution (J.A. 327-28), but ultimately stated that he would issue "an order of restitution." (J.A. 332.) The February 3, 2012 Judgment and Commitment

---

[7] *See* V.I.S.CT.R. 22(m) (providing that "the Supreme Court, at its option, may notice an error not presented [by the litigants] that affects substantial rights").

287

provides "that [Ward] shall make restitution to the victim . . . once [the victim] provides the amount therefor." (J.A. 14.)

■■■ As this Court has also previously explained, a sentence is not limited to incarceration, but also includes monetary penalties, such as fines. *Murrell*, 54 V.I. at 349 (citing 14 V.I.C. § 1). Although paid to a victim rather than to the government, numerous courts — including the United States Court of Appeals for the Third Circuit — have long held that restitution, when ordered as part of a criminal case, is part of the defendant's sentence. *See United States v. Sleight*, 808 F.2d 1012, 1020 (3d Cir. 1987) ("While one purpose of restitution . . . is to make the victim whole, restitution . . . is imposed as a part of sentencing and remains inherently a criminal penalty."). *See also United States v. Edwards*, 162 F.3d 87, 91 (3d Cir. 1998) (collecting cases); *United States v. Gilberg*, 75 F.3d 15, 21 (1st Cir. 1996) ("[A]n order of restitution is part of the criminal sentence. . . ."); *Chaney v. State*, 397 Md. 460, 918 A.2d 506, 512 (2007) ("An order of restitution entered in a criminal case . . . is a criminal sanction — part of the punishment for the crime."); *People v. Wigod*, 406 Ill. App. 3d 66, 940 N.E.2d 202, 214, 346 Ill. Dec. 202 (2010) ("[T]he restitution order is a consequence of defendant's guilty plea and, inherently, part of the punishment imposed.").

■■■ The Superior Court unquestionably erred when it delegated the authority to set restitution to the victim. Fixing the specific amount of restitution — like setting the term of incarceration — is a judicial act under Virgin Islands law. *See* 34 V.I.C. § 203(d)(3) ("*The judge* shall order restitution at every sentencing for a crime against person or property . . . unless *the court* finds a substantial and compelling reason not to order restitution.") (emphases added). Moreover, every appellate court that has considered the issue has found that a trial court "abdicates its judicial responsibility" when it permits a third party, such as a probation officer, to fix the amount of restitution payments. *See, e.g., United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999); *United States v. Mohammad*, 53 F.3d 1426, 1438-39 (7th Cir. 1995); *United States v. Porter*, 41 F.3d 68, 71 (2d Cir. 1994); *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995); *United States v. Albro*, 32 F.3d 173, 174 n.1 (5th Cir. 1994); *State v. Hardy*, 432 So. 2d 865, 866 (La. 1983). In this case, the error is even more egregious, since the Superior Court did not delegate this task to a disinterested probation officer, but to the victim himself — as written, there is absolutely nothing in the February 3, 2012 Judgment

and Commitment that prevents the victim from simply demanding that Ward pay him an arbitrary, speculative, or exaggerated amount in "restitution." Such a delegation of judicial power to a non-judge — let alone the victim — satisfies all four prongs of the plain error test. *See Brown v. People*, 55 V.I. 496, 506-07 (V.I. 2011) (citing *Dunlop v. People*, S. Ct. Crim. No. 2008-037, 2009 V.I. Supreme LEXIS 41, *20, n.10 (V.I. Sept. 15, 2009)). Therefore, we remand this matter to the Superior Court for re-sentencing, in which it should either (1) vacate the restitution award in the absence of sufficient supporting proof, or (2) fix the amount of restitution based on the evidence submitted to it in a manner consistent with Virgin Islands law.

## D. Consecutive Sentence

Finally, although also not raised as an issue on appeal,[8] we cannot ignore that the Superior Court may have imposed a consecutive sentence based on the erroneous conclusion that section 2251 mandated consecutive sentencing. At the January 30, 2012 hearing, counsel for the People stated that "the case law is there that basically indicates that the Legislature was clear when it decided that the punishment imposed for possession was to be cumulative to the punishment imposed for the crime." (J.A. 326.) In response, the judge asked if this meant that he "can't give concurrent sentences," and People's counsel responded by stating that "[i]t means that it should be consecutive." (J.A. 327.) Ultimately, the Superior Court imposed a consecutive sentence for both offenses.

The prosecutor, however, was apparently unaware that the Third Circuit expressly and unambiguously held that the phrase "in addition to the penalty provided for the commission of, or attempt to commit, the . . . crime of violence" found in section 2251 does not mandate that a judge impose a consecutive sentence for both the section 2251 violation and the underlying crime of violence. The Third Circuit, in reaching that determination in *Gov't of the V.I. v. Douglas*, 812 F.2d 822, 833 (3d Cir. 1987), reasoned as follows:

[The defendant] relies on a Missouri Supreme Court opinion in which the Court construed an analogous statute to allow concurrent sen-

---

[8] *See supra* note 7.

tences. *State v. Treadway*, 558 S.W.2d 646 (Mo. 1977), *cert. denied*, 439 U.S. 838, 99 S. Ct. 124, 58 L. Ed. 2d 135 (1978). The state law provision stated: "The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon." MO. REV. STAT. § 559.225 (Supp.1976). The court found that the statute itself did not offer any indication about whether the use of the phrase "in addition to" mandated consecutive sentences. Thus the Court relied on the general rule of statutory construction refered [sic] to as the "rule of lenity," and the corollory [sic] of that rule: " 'in case of doubt concerning the severity of the penalty prescribed by a statute construction will favor a milder penalty over a harsher one.' 3 SUTHERLAND, STATUTORY CONSTRUCTION § 59.03 (4th ed. 1974)." *Treadway*, 558 S.W.2d at 653.

> The words "in addition to", standing alone, do not clearly mandate that a sentence under the armed criminal action statute be imposed consecutive to a sentence for the felony conviction upon which the armed criminal action charge is based. The phrase is defined in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 24 (3rd ed. 1966) as meaning "over and above". Whether the sentence under § 559.225 is imposed consecutively or concurrently, it is clearly "over and above" that imposed for the basic felony. In the absence of express language by the legislature mandating that sentences under § 559.225 be consecutive, it appears that the trial court should be able to sentence a defendant consecutively or concurrently as it sees fit.

*Treadway*, 558 S.W.2d at 653.

We find the analysis in *Treadway* instructive. The intent of the legislature is unclear from the statutory language because that language is consistent with both an intent to mandate consecutive sentences and an intent to allow the sentencing judge to exercise his or her discretion in selecting between consecutive and concurrent sentences. The government points to no legislative history evincing an intent to mandate consecutive sentences. In light of the "rule of lenity," we are obliged to construe ambiguities in criminal statutes in favor of the accused. *United States v. Capano*, 786 F.2d 122, 128 (3d Cir. 1986). On this basis, we conclude that § 2251(a)(2)(B) does not impose a mandatory

duty on the district court judge to impose consecutive sentences . . . .
We construe 14 V.I.C. § 2251 to vest in the trial court the discretion to
impose the sentence for the weapons violation either consecutively or
concurrently with the sentence for the underlying crime of
violence . . . .

██ ██ As we have previously indicated, decisions of the Third
Circuit issued while serving in its capacity as the *de facto* court of last
resort for the Virgin Islands "are binding upon the Superior Court even if
they would only represent persuasive authority when this [C]ourt
considers an issue." *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I.
2009). Moreover, we agree that the Third Circuit correctly interpreted
section 2251 to allow either consecutive or concurrent sentences.

Unlike the restitution award, it is not fully clear that every prong of the
plain error test has been met, since we do not know from the hearing
transcript whether the Superior Court imposed a consecutive sentence
because it fully adopted the prosecution's position that it lacked the
discretion to order a concurrent sentence, or if it was aware of the
*Douglas* decision and simply exercised its discretion to impose a
consecutive sentence. And while we have typically held that sentencing
errors affect a defendant's substantial rights, it is less clear that the
consecutive sentence impacted Ward's substantial rights, since the
incarcerative portion of the third degree assault charge was completely
suspended and the Superior Court did not sentence him to any period of
probation on that count. Nevertheless, in light of our decision to remand
this matter for re-sentencing with respect to the restitution award, we shall
authorize the Superior Court, on remand, to correct Ward's sentence in the
event it imposed the consecutive sentence out of a mistaken belief that
section 2251 created a mandatory duty to impose consecutive sentences.

### III. CONCLUSION

For the foregoing reasons, we affirm Ward's convictions, but vacate the
February 3, 2012 Judgment and Commitment and remand this matter for
re-sentencing.