**EDMOND WEBSTER A/K/A EDMOND R. WEBSTER, BERNICE WEBSTER, CLEVE E. WEBSTER, A/K/A CLEVE WEBSTER, OASIS DEVELOPMENT, LLC, AND TRIUMPH DEVELOPMENT, LLC.,**
**Appellants/Defendants**
**v.**
**FIRSTBANK PUERTO RICO, Appellee/Plaintiff**

S. Ct. Civil No. 2016-0039

Supreme Court of the Virgin Islands

April 24, 2017

DARREN JOHN-BAPTISTE, ESQ., Law Offices of Darren John-Baptiste, St. Thomas, USVI, *for Appellants.*

GREGORY H. HODGES, ESQ., JUSTIN K. HOLCOMBE, ESQ., Dudley Topper and Feuerzeig, LLP, St. Thomas, USVI, *for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(April 24, 2017)

HODGE, *Chief Justice.* Edmond Webster, Bernice Webster, Cleve Webster, Oasis Development, LLC, and Triumph Development, LLC,[1] (collectively the "Websters") appeal from a July 7, 2016 Superior Court order granting summary judgment in favor of FirstBank Puerto Rico. Because the Superior Court entered judgment without complying with the mandatory mediation requirement set forth in title 28, section 531(b) of the Virgin Islands Code, we reverse.

## I. BACKGROUND

In September 2007, FirstBank and the Websters executed two mortgage agreements for loans in the amount of $275,000 and $400,000 ("2007 Loans"). The following year, the Websters filed a construction loan application with FirstBank requesting $1,500,000 for construction on their apartment building. (J.A. 333.) After appraising the suggested collateral at $1,200,000, FirstBank approved a loan in the amount of $821,000 ("2008 Loan") for the purpose of "finish[ing] construction of an eight unit condominium complex." (J.A. 124.) However, after building complications led to delay and increased costs, the 2008 Loan was increased to $1,091,000 in June 2009, and again increased to $1,541,000 in January 2010 (collectively the "Loan Modifications").

Ultimately, on May 11, 2012, FirstBank filed a complaint against the Websters in the Superior Court seeking a judgment of debt and

---

[1] Oasis Development and Triumph Development are both member-managed LLCs that are owned by the Websters.

515

foreclosure, alleging that the Websters had defaulted on the 2007 Loans, the 2008 Loan, and the Loan Modifications. Shortly thereafter, the Websters filed counterclaims against FirstBank for breach of fiduciary duty, misrepresentation, breach of duty of good faith and fair dealing, duress, and intrusion upon seclusion.

Over the next two years, the parties engaged in extensive motion practice, including multiple motions for partial summary judgment. In a March 6, 2013 opinion and order, the Superior Court entered summary judgment in favor of FirstBank on the 2008 Loan and the Loan Modifications, but declined to do so with respect to the 2007 Loans. On August 9, 2013, the Superior Court entered summary judgment with respect to the accrual of interest on the 2008 Loan and the Loan Modifications. In a March 7, 2014 order, the Superior Court granted FirstBank's motion to certify the March 6, 2013 and August 9, 2013 grants of partial summary judgment as final.

After entry of the March 7, 2014 order, the parties continued to engage in extensive motion practice. Of most relevance to this appeal, on March 21, 2014, Edmond, Bernice and Cleve Webster filed a "motion for reconsideration" that, among other arguments, maintained that the Superior Court failed to comply with title 28, section 531(b) of the Virgin Islands Code, which provides that that "[p]rior to the entry of any judgment of foreclosure, the parties must provide the Court with evidence that a good faith effort was made to settle the matter through mediation." On June 12, 2014, the Superior Court granted a renewed motion for partial summary judgment in FirstBank's favor as to the 2007 Loans. Shortly thereafter, on June 27, 2014, Edmond, Bernice and Cleve Webster filed a second "motion for reconsideration," in which they again invoked 28 V.I.C. § 531(b) to contend that the Superior Court should not have entered judgment with respect to the 2007 Loans in its June 12, 2014 order.

The Superior Court addressed both reconsideration motions in a July 16, 2014 opinion. First, the Superior Court held that its June 12, 2014 order "is not a 'judgment of foreclosure' " within the meaning of section 531(b) because it "was not a final judgment," and thus "does not need to be considered or vacated[.]" (J.A. 1043-44.) However, the Superior Court held that "before a final judgment can be entered in this matter, the parties must demonstrate that they have complied with 28 V.I.C. § 531(b)," and therefore ordered them to mediate the Websters' indebtedness under the

2007 Loans. However, because the March 7, 2014 order certified the March 6, 2013 and August 9, 2013 grants of partial summary judgment as final, the Superior Court stayed the March 7, 2014 order pending completion of mediation on the 2008 Loan and the Loan Modifications.

The parties engaged in mediation as instructed by the Superior Court, and a mediation report was filed on October 23, 2014, stating that the parties failed to reach an agreement. After extensive motion practice on issues unrelated to this appeal, the Superior Court issued a July 7, 2016 opinion and order which resolved all other pending motions, and entered final judgment in favor of FirstBank with respect to all claims. The Websters timely filed their notice of appeal with this Court on July 18, 2016. *See* V.I. R. APP. P. 5(a)(1).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to the Revised Organic Act of 1954 and the Virgin Islands Code, this Court has appellate jurisdiction over "all appeals from the [final] decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); 4 V.I.C. § 32(a). Because the Superior Court's July 7, 2016 order is a final order adjudicating all issues between the parties, this Court has jurisdiction over this appeal. *United Corp. v. Hamed*, 64 V.I. 297, 302 (V.I. 2016).

This Court exercises plenary review of the Superior Court's application of law, while its factual findings are reviewed only for clear error. *Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)).

### B. Statutory Mediation Requirement

█ The Websters, as one of many issues on appeal, renew their argument that the Superior Court failed to comply with title 28, section 531(b) of the Virgin Islands Code. Although the Websters acknowledge that the Superior Court stayed enforcement of its March 7, 2014 order and ordered mediation, the Websters maintain that a stay was insufficient, and that the Superior Court should have instead vacated the March 7, 2014 and June 12, 2014 orders. According to the Websters, the existence of those orders granting summary judgment in favor of FirstBank with respect to the 2007 Loans, 2008 Loan, and the Loan Modifications

517

"significantly chang[ed] the mediation dynamics" so as to render the mediation "an empty formality to signal compliance with the statute." (Appellants Br. 13.) In its appellate brief, FirstBank primarily contends that neither the March 7, 2014 nor June 12, 2014 orders were final judgments at the time mediation occurred, and that therefore "[a]t mediation, the parties were in the same position as they would have been if mediation had occurred earlier."[2] (Appellee's Br. 15.)

We disagree. While all final judgments are judgments, not all judgments are final judgments. *See* 4 V.I.C. § 33(a) ("Appealable judgments and orders to the Supreme Court shall be available only upon the entry of final judgment in the Superior Court[.]"); *SBRMCOA, LLC v. Beachside Assocs., LLC*, S. Ct. Civ. No. 2015-0053, 2015 V.I. Supreme LEXIS 42, at *6 (V.I. Dec. 28, 2015) (unpublished) ("We conclude that the June 8, 2015 judgment is not final[.]"). Although both the Superior Court and FirstBank find it significant that the various orders granting FirstBank's motions for partial summary judgment as to each of the respective loans on a piecemeal basis were not "final judgments," section 531(b) — by its own terms — states that "[p]rior to the entry of *any judgment of foreclosure*, the parties must provide the Court with evidence that a good faith effort was made to settle the matter through mediation." 28 V.I.C. § 531(b) (emphasis added). Because the March 7, 2014 and June 12, 2014 orders granting partial summary judgment finally resolved all

---

[2] In its brief, FirstBank states that instead of raising the mediation issue in response to FirstBank's summary judgment motions, the Websters " 'saved' this argument and only asserted it in a Motion for Reconsideration," and further notes that "[t]ypically, a party's strategic decision to belatedly raise an argument as a last ditch way to avoid judgment is a sufficient reason for the Superior Court to deny reconsideration." (Appellee's Br. 14.) However, FirstBank then acknowledges that "the Superior Court considered the [Websters'] arguments . . . and ordered the parties to mediate," and at no point asserts that the Websters waived the protections of section 531(b).

We note that courts are split as to whether mandatory mediation statutes — such as the one codified in 28 V.I.C. § 531(b) — constitute non-waivable jurisdictional requirements, or waivable claims-processing rules. *Compare Klinge v. Bentien*, 725 N.W.2d 13, 18 (Iowa 2006) (mandatory mediation statute establishes a jurisdictional requirement), *with Walsh v. Larsen*, 2005 SD 104, 705 N.W.2d 638, 641-43 (2005) (mandatory mediation statute is not jurisdictional but creates a waivable condition-precedent). However, even if we were to assume — without deciding — that section 531(b) does not codify a jurisdictional prerequisite to entry of a foreclosure judgment, the fact that FirstBank has briefed the issue on the merits without contending that the issue has been waived is sufficient for FirstBank to have waived waiver. *Simpson v. Golden*, 56 V.I. 272, 281 n.6 (V.I. 2012).

issues of the Websters' liability with respect to the 2007 Loans, the 2008 Loan, and the Loan Modifications, they clearly constituted judgments, even if at the time of entry they were not final judgments that could be immediately appealed to this Court. *See Rohn v. People*, 57 V.I. 637, 644 (V.I. 2012) (defining "judgment" as " '[a] court's final determination of the rights and obligations of the parties in a case' or, in the alternative, 'any order from which an appeal lies' " (quoting BLACK'S LAW DICTIONARY 918 (9th ed. 2009))).

■ We also disagree that the procedure employed by the Superior Court in this case placed the parties in the same position as they would have been if mediation had occurred earlier. The purpose of mediation is "to encourage and facilitate the resolution of a dispute" by "helping the disputing parties reach a mutually acceptable and voluntary agreement."[3] SUPER. CT. R. 40(a).[4] In doing so, a mediator should "assist[ ] the parties in identifying issues, foster[ ] joint problem-solving and explor[e] settlement alternatives." *Id.* Given this purpose, it is universally understood by both courts and scholars that mediation should occur early in the process, with the only significant contention being whether it should occur before, during, or after discovery. *See, e.g.*, Mark Grabowski, *Both Sides Win: Why Using Mediation Would Improve Pro Sports*, 5 HARV. J. SPORTS & ENT. L. 189, 213 (2014) ("Ideally, mediation should occur in the early stages of a dispute, and not be used as a last-second Hail Mary pass[.]"); TASK FORCE ON COMMERCIAL LITIGATION IN THE 21ST CENTURY, REPORT AND RECOMMENDATIONS TO THE CHIEF JUDGE OF THE STATE OF NEW YORK 27 (2012), available at https://www.nycourts.gov/courts/comdiv/pdfs/chiefjudgestaskforceoncom merciallitigationinthe21stpdf.pdf (last visited Mar. 24, 2017) (mediation should occur before the parties have incurred "substantial legal costs" and

---

[3] At the time this matter was pending in the Superior Court, Superior Court Rule 40 governed mediation procedure in the Superior Court. However, on July 31, 2016, the Governor signed Act No. 7888 into law, which conferred this Court with the authority to promulgate the rules of civil procedure to be used in Virgin Islands courts. Although this Court exercised that authority to promulgate the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017, *see* Promulgation Order No. 2017-002 (April 3, 2017), we continue to apply the former procedural rules on appeal because the final judgment in this case was entered before that date. *Blyden v. People*, 53 V.I. 637, 658 n.15 (V.I. 2010).

[4] Notably, Superior Court Rule 40, titled "Civil Mediation," is found in Part III, Section V of the Superior Court Rules, which is titled "Proceedings Before Trial," reflecting an intent for mediation to occur before the merits of the case are actually adjudicated.

thus have less incentive to halt the litigation); Bobbi McAdoo, *All Rise, The Court is in Session: What Judges Say About Court-Connected Mediation*, 22 OHIO ST. J. ON DISP. RESOL. 377, 420-21 (2007) (summarizing research indicating that 43% of Minnesota's trial court judges believe mediation should occur after most discovery, 41% believe it should occur after some discovery, and 5% believe it should occur before most discovery); William D. Coleman, *The Mediation Alternative*, 56 ALA. LAW. 100, 103 (1995) ("[T]he mediation should occur as soon as possible to avoid unnecessary costs of litigation . . . but should occur only when there is an understanding between the parties of the matters in dispute and remedies sought.").

██ In this case, the unusual procedure employed by the Superior Court — ordering the parties to mediate the matter only after it already entered judgment in FirstBank's favor on the 2007 Loans, the 2008 Loan, and the Loan Modifications — made compliance with section 531(b) impossible. Section 531(b) does not simply require that the parties go through the mediation procedure; rather, it requires "a good faith effort" on the part of the parties to settle through mediation. Importantly, "the success of mediation depends largely on the willingness of the parties" to consider and honestly assess many factors, including "the strengths and weaknesses of their case[.]" *In re Cnty. of L.A.*, 223 F.3d 990, 993 (9th Cir. 2000) (quoting *Poly Software Int'l, Inc. v. Su*, 880 F. Supp. 1487, 1494 (D. Utah 1995)). Because the Superior Court not only ruled in FirstBank's favor, but left its March 7, 2014 and June 12, 2014 partial summary judgment orders intact pending mediation, FirstBank was aware that if it chose not to settle through mediation, it would receive a complete recovery on all its claims. Since mediation proceedings are privileged and confidential, *see* SUPER. CT. R. 40(d)(5), we do not know whether FirstBank nevertheless mediated in good faith despite this knowledge. However, had mediation occurred earlier in the litigation as intended, this would not even be a concern, since FirstBank would have entered the mediation with no awareness of how the Superior Court would rule on its summary judgment motions.

For these reasons, we vacate all the Superior Court's rulings adjudicating the parties' claims on the merits, including, but not limited to, the July 7, 2016, June 12, 2016, March 7, 2014, August 9, 2013, and March 6, 2013 orders, and direct that the matter be referred to mediation on remand. Moreover, to remedy — to the greatest extent possible given

the circumstances — the impact of the summary judgment rulings in FirstBank's favor, we exercise our supervisory authority to order that this case be assigned to a different Superior Court judge on remand, who, in the event the parties fail to reach an agreement through mediation, may consider FirstBank's summary judgment motion anew without any reliance on or deference to the Superior Court's prior decisions.[5] *See Alexander v. People*, 65 V.I. 385, 395-396 (V.I. 2016).

### III. CONCLUSION

The Superior Court erred when it determined that the mandatory mediation provision codified in 28 V.I.C. § 531(b) permitted it to order mediation after entry of a judgment of foreclosure but before entry of a final judgment. Accordingly, we vacate all of the Superior Court's dispositive rulings on the parties' claims, and remand the case to the Superior Court for immediate referral to mediation and for assignment to a different judge.

---

[5] Given our decision to vacate the Superior Court's dispositive summary judgment orders and to remand this matter for mediation and, if necessary, for proceedings before a different judge, we decline to consider any of the other issues that the Websters have raised as part of this appeal, for to do so would only further undercut the effectiveness of the statutorily-mandated mediation on remand. In addition, our decision to remand renders those other issues moot, and in declining to consider them, we remain faithful to our "general practice" of not considering the merits of moot questions on appeal, based on the sound policy of judicial restraint. *See, e.g., Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010).